**In the Matter of Emil J. BECKER, Jr.**

**No. 82S00–8709–DI–815.**

Supreme Court of Indiana.

March 23, 1989.

Rodney H. Grove, Evansville, for respondent.

Sheldon Breskow, Executive Secretary, Martin Risacher, Staff Attorney, Indianap-

olis, for the Indiana Supreme Court Disciplinary Com'n.

**PER CURIAM.**

The Respondent and the Supreme Court Disciplinary Commission have tendered for this Court's approval a statement of circumstances and conditional agreement for discipline. The agreement stems from a verified complaint alleging that the Respondent violated Disciplinary Rules 1–102(A)(6), 5–105(A), (B) and (C), 6–101(A)(3) and 7–101(A)(2) by representing clients with conflicting interests and failing to file a pleading as requested by his client.

Upon review of the agreement, we find that it should be approved. Accordingly, we find that the Respondent, Emil J. Becker, Jr., is a member of the Bar of this State and is subject to this Court's jurisdiction.

On February 1, 1985, Alvey and Patricia Norman hired the Respondent to represent Norman in an Internal Revenue Service (IRS) matter that originated before the couple was married. The Respondent represented to the Normans that negotiations and calculations with the IRS would be much simpler if the couple obtained a dissolution of marriage, although, at this time, the Normans otherwise did not seek a dissolution. On September 30, 1985, the Respondent filed a petition for dissolution on behalf of Patricia with the full knowledge and consent of both partners. No further action was taken in this case.

On July 24, 1986, the Respondent filed a second dissolution action on behalf of Patricia Norman, but unlike the first, it was filed solely at her request and not to accommodate Alvey Norman's IRS matters, but because she wished to dissolve the marriage. The Respondent was also to obtain a temporary restraining order, but did not.

Patricia Norman became dissatisfied with Respondent's representation and sought a new attorney. The Respondent claimed $500 for his services and indicated to Patricia Norman that he would not relinquish the file until he was paid. Patricia Norman paid Respondent's fee.

The parties have also agreed that certain mitigating circumstances exist. In this regard we find that the lack of a restraining order did not physically or financially harm Patricia Norman. Although not required to do so, the Respondent remitted to Patricia Norman the $500 fee. The parties have further agreed that at the institution of the second petition for dissolution the Respondent advised Alvey Norman to obtain another attorney if he wished to contest any issue. This fact, however, is not sufficient to render the dual representation not in conflict as envisioned in Disciplinary Rule 5–105(C).

As the parties have agreed, we find that the Respondent engaged in misconduct. As a sanction for this misconduct the parties request that this Court impose a public reprimand. We approve the sanction, and, accordingly, the Respondent, Emil J. Becker, Jr. is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.