**In the Matter of Emil J. BECKER, Jr.**

**No. 82S00–9204–DI–237.**

Supreme Court of Indiana.

Sept. 14, 1993.

James G. McDonald, Princeton, for Becker.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Ind. Sup. Disciplinary Comn'.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, Emil J. Becker, Jr., was charged in a one-count complaint for disciplinary action with violating Rules 1.1, 3.1, 8.2(a), and 8.4(d) of the *Rules of Professional Conduct for Attorneys at Law.* Thereafter, the Respondent and the Disciplinary Commission tendered for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline" pursuant to Admission and Discipline Rule 23, Section 11(d). After careful review, we find that the agreement should be accepted and approved. All of the charges at issue stem from Respondent's representation of clients in an adoption proceeding.

Adopting the facts agreed by the parties, we find that Respondent represented clients S.T. and C.T. in connection with an adoption petition filed in Vanderburgh Superior Court, Probate Division. The Honorable Robert Lensing presided. The child who was the subject of the Respondent's petition was also the subject of a petition for adoption filed by another party who had custody of the child.

On August 28, 1990, the court held hearings on the competing adoption petitions. During the hearing on S.T. and C.T.'s petition, a tape recorder used to record the proceeding was turned off just prior to a recess. Upon reconvening and after the testimony of a witness, those participating in the hearing discovered that the tape recorder was not reactivated following the recess. Judge Lensing offered both the Respondent and opposing counsel the opportunity to recall the witness, but neither party accepted this invitation. The court reporter later prepared a transcript of the witness's unrecorded testimony from notes she had taken during the testimony.

The court denied S.T. and C.T.'s petition. On December 20, 1990, Respondent filed an appellate brief in the Indiana Court of Appeals, case number 82A01–9012–CV–00527, in which Respondent accused Judge Lensing of various acts of misconduct. In regard to the taping incident, Respondent stated the following in his brief:

> The Court also CONTROLLED the recording of the trial and caused the recording to be turned off during some of the most important testimony, which testimony could have been the most beneficial to the Appellants. The Court then claimed that this interruption of the taping was "inadvertent" but no real attempt was made to correct the damage.

> •    •    •    •    •

> The worst part of this case occurred when the judge totally trampled on the rights of the Appellants by controlling the recording of the trial. The judge had the recording equipment under his desk in the court room where he could reach down and turn the recording off and on without anyone knowing and at anytime he desired. When the examination of [the witness] showed her obvious conflict and obvious breach of that confidentiality to her clients it appears that the judge became worried.

Brief of Appellant at pp. 4 and 9.

In his brief, Respondent further characterized the taping incident as follows:

> Although the judge left the recording equipment off during the entire testimony of [the witness], he then tried to advise the parties that his inadvertence had caused the break in the recording and he offered to recall the witness. *The attorney for the Appellants indicated that it would not be necessary because the*

*damage had already been done and the [witness] had already heard the questions and could not contemplate and rehearse her answers more efficiently.* The Court indicated at the time of the Praecipe that the reporter should build a transcript from her shorthand notes, but it is quite obvious when reading the record of this case that her notes are painfully inadequate when viewed against a transcription of a recording tape.

Brief of Appellant at pp. 9–10 (Emphasis ours).[1]

The hearing on the competing petitions had been postponed several times. Respondent asserted in his brief that Judge Lensing granted continuances and delayed the hearing so as to extend the amount of time the child was in custody of the other party in order to use length of custody as a factor in granting the adoption to the other party. Specifically, Respondent's brief stated:

> The Court allowed continuances which created a time for custody of this child and the Court eventually used that period of time as one of the reason [sic] for allowing the child to be adopted by [the competing party].

Brief of Appellant at pp. 7–8.

Respondent's brief included no citation to statutory, constitutional, or case authority in support of its arguments. The statement of facts contained therein was conclusory and argumentative and included no references to supporting authority from the record of proceedings. The statement of the case contained in the brief failed to set out the course of the proceedings and failed to include a verbatim statement of the judgment below.

Respondent's allegations of judicial misconduct received widespread publicity as a result of the publication of portions of his

brief in a local Evansville newspaper on March 18, 1991.

Because of the allegations contained in Respondent's brief, the Court of Appeals issued an order on July 16, 1991 ordering that the appeal of Respondent's clients be dismissed and that a cross appeal by Appellee for attorney's fees be granted on the basis of appellant's bad faith appeal. The trial court ordered Respondent to pay $2,150.00 to the Vanderburgh County Department of Public Welfare to cover fees it incurred in defending the appeal. After the sanction, a local newspaper quoted Respondent as saying, "It is a real reality refresher ... You just don't ask one judge to call another judge wrong."

By reason of the above conduct, this Court now finds that the Respondent, by making statements that he knew to be false or with reckless disregard as to their truth or falsity concerning the integrity or qualifications of a judge, violated Prof. Cond.R. 8.2(a). Further, Respondent violated Prof.Cond.R. 3.1 by asserting issues on appeal without a non-frivolous basis for doing so. Respondent failed to provide competent representation to his clients by submitting his defective brief and therefore violated Prof.Cond.R. 1.1. Finally, we find the general tenor of Respondent's above conduct prejudicial to the administration of justice and as such in violation of Prof. Cond.R. 8.4(d).

The parties have agreed that a thirty (30) day suspension from the practice of law is an appropriate sanction under the circumstances presented in this case. Although generally this Court looks at such factors as state of mind, harm, duty, and factors in aggravation and mitigation when assessing the appropriateness of discipline,[2] the agreed facts presented to us by the parties do not contain sufficient information for a detailed examination of these traditional factors. Nonetheless, Respondent's very

---

1. The transcript of the exchange between Respondent and Judge Lensing immediately after the taping error was discovered indicates the following response by Respondent after Judge Lensing invited Respondent to recall the witness:

"I think we got most of it, Your Honor, I don't think that's necessary at all." Addendum to Transcript of Evidence and Proceedings, August 28, 1990.

2. *Matter of Cawley, Jr.* (1992), Ind., 602 N.E.2d 1022.

acts, standing alone, persuade us that the untruthful statements in his appellate brief and his unfounded attack on a trial court are reprehensible and must be sanctioned. While these facts do not approach judicial misconduct, when an attorney is confronted with what appears to be judicial misconduct, the appropriate avenue is the judicial disciplinary process available through the Indiana Commission on Judicial Qualifications. We also note that this is not the first time that Respondent has been disciplined by this Court. *Matter of Becker, Jr.* (1989), Ind., 535 N.E.2d 1163 (public reprimand pursuant to conditional agreement). Considering the facts before us, the Commission's assessment of a sanction, and their agreement to the proposed 30 day suspension, we are satisfied that the agreed sanction is consistent with our general assessment of the discipline in a case of this nature.

It is therefore ordered that, by reason of the misconduct found in this case, the Respondent, Emil J. Becker, Jr., is hereby suspended from the practice of law in the state of Indiana for a period of thirty (30) days beginning October 14, 1993, after which Respondent may be automatically reinstated. In addition, Respondent is ordered to attend the next available seminar in appellate practice offered in the state of Indiana by a certified continuing legal education provider, and upon completion of the same, Respondent shall show proof of attendance to the Executive Secretary of the Disciplinary Commission.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., dissents, believing that the sanction is grossly inadequate.