**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30022

UNITED STATES OF AMERICA

Appellee,

VERSUS

PAUL HENRY KIDD

Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

December 19, 1995

Before REYNALDO G. GARZA, JOLLY, and DUHE, Circuit

Judges.

REYNALDO G. GARZA, Circuit Judge:


Background

Paul Henry Kidd ("Kidd"), an attorney representing Dewey Brown in a criminal case, was suspended from the practice of law for one year and fined $5,000 by the district court for challenging, without an appropriate factual basis, the district court's handling of his client's trial.[1]  Kidd had alleged in alternative motions

---

Dewey Brown was convicted after a jury trial on three counts of violating the Lacey Act, 16 U.S.C. §§ 3371 et seq.

1

for a new trial or for judgment of acquittal notwithstanding the verdict and the accompanying brief that

> [T]he trial court denied the defendant a fair and impartial trial by creating the perception in the mind of the jury that it believed in the evidence presented by the prosecution and that it favored the prosecution's case[.]

United States District Judge Tucker L. Melancon (the "trial court") issued an order denying the motion on all grounds except the ground noted above.  The trial court referred the issue of impartiality to District Judge Donald E. Walter.

The district court scheduled a hearing on the question of impartiality and ordered Kidd to file a brief in support of the motion.  This brief was to include "detailed facts supporting the conclusion asserted."  Kidd filed a memorandum in which he alleged the following acts on the part of the trial judge:

> 1.  he appeared not to be interested in anything that the defendant testified to;
>
> 2)  he appeared to give special attention to the witness of the Government;
>
> 3)  he seemed to have a mission of belittling, castigating, and otherwise discrediting defense counsel;
>
> 4)  he seemed to have anything but an even hand in addressing objections of the Government and of the defendant;
>
> 5)  he was partial to the government;
>
> 6)  he gave -- by gesture -- by facial expression -- and by oral comments -- the impression that he favored the government and disfavored the defendant; and,
>
> 7)  he gave the jury the impression that he believed the testimony of the Government's witnesses and simply tolerated the testimony of the defendant's witnesses as something that was expected of them to say.

Kidd further stated that "[o]utside of the numerous side bar

conferences called for the purpose of admonishing defense counsel and the comments made from the bench addressing arguments of counsel which are contained in the record, there is no objective independent evidence to corroborate the defendant's contentions." His memorandum concluded that "acrimony between the trial court and defense counsel deprived defendant of a fair trial."

Dissatisfied with Kidd's lack of specificity, the district court ordered Kidd to provide record citations, or at least state under oath how the "appearance" or "impression" of judicial bias manifested itself and whether objections had been made at trial. Kidd filed a supplemental brief in which he provided fourteen excerpts from the trial transcript in support of his allegations. The excerpts largely involve instances in which the trial court sustained objections by the government during defense counsel's cross-examination.

In a memorandum ruling, the district court denied Kidd's motion for a new trial "because the record is devoid of the proverbial scintilla of evidence indicating that the trial judge deprived the defendant of a fair and impartial trial." The district court also concluded that Kidd had violated Rule 8.2(a) of the Rules of Professional Conduct of the Louisiana State Bar Association, pertaining to remarks about a judge that are false or made with a reckless disregard as to their truth or falsity.[2] The

_____

In the memorandum ruling, the district court also referenced its inherent power to sanction in addition to its power to sanction for violation of professional rules. However, the court primarily relied on its finding of the violation of 8.2 to support its sanction order. See discussion infra. The district held Kidd

3

court set a hearing for Kidd to show cause why he should not be sanctioned for his conduct.

At the hearing on the order to show cause, the district court instructed Kidd to explain or give examples in the record to support his allegations of judicial bias. Kidd responded that his claims were based on subjective "perception," and "impression" and did not provide specific examples. Noting at the hearing that Kidd had violated Rule 8.2 of the Rules of Professional Conduct, the district court suspended Kidd from the practice of law in the Western District of Louisiana for one year and fined him $5,000 to be paid within ninety days.

Because we hold that Rule 8.2's restriction on reckless statements regarding members of the judiciary does not apply to a lawyer's in court comments concerning the judge's actual performance during the conduct of the trial, we reverse the sanctions order of the district court.

Discussion

A.    Standard of Review

Sanctions imposed against an attorney by a district court are reviewed for abuse of discretion. Chambers v. Nasco, Inc., 501 U.S. 32 (1991). That discretion is abused if the ruling is based on an "erroneous view of the law or on a clearly erroneous assessment of

accountable for this rule pursuant to Rule 20.4 of the Uniform Local Rules of the United States District Courts for the Eastern, Middle, and Western District of Louisiana, which adopts Louisiana's Rules of Professional Conduct.

4

the evidence." <u>Chaves v. M/V Medina Star</u>, 47 F.3d 153, 156 (5th Cir. 1995).  Of course, the question of whether Mr. Kidd's conduct was subject to sanction under professional responsibility Rule 8.2 is a legal issue which must be reviewed <u>de novo</u>.

      B.    Sanctions Under Rule 8.2 (a) of the Louisiana Rules of Professional Conduct

The court below relied on its finding of the Rule 8.2 violation to sanction Mr. Kidd.  We believe this reliance was erroneous.  Rule 8.2 (a) provides that:

> [a] lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

From the face of the rule, it is unclear whether Rule 8.2 is meant to apply to comments on a judge's performance by a lawyer at trial.  No case of this circuit has interpreted this provision and the decisions of other courts applying this provision have all involved allegations of dishonesty or corruption.

In <u>Louisiana State Bar Assn. v. Karst</u>, 428 So.2d 406 (La. 1983), one of the cases cited in support of sanctions, an attorney was suspended from practice for one year for repeated public allegations that a judge was dishonest and had engaged in fraud and misconduct.  The lawyer made statements to that effect in letters to newspapers and in briefs filed in various courts.  The Louisiana Supreme Court upheld sanctions against the attorney under an earlier but similar version of the rule.

5

In *In re Disciplinary Action Against Graham*, 453 N.W.2d 313 (Minn. 1990), the Minnesota Supreme Court upheld a 60-day suspension of an attorney under Rule 8.2 of the Minnesota Rules of Professional Conduct for stating in letters to a U.S. Attorney and to the Chief Judge of the Eighth Circuit that a state judge, a United States Magistrate Judge and various attorneys had conspired to fix the outcome of a federal case. See also *In the Matter of Emil J. Becker, Jr.*, 620 N.E.2d 691 (Ind. 1993) (30-day suspension upheld for lawyer's baseless allegations that the court had interfered with audio recording of trial and had granted continuances to favor one side of the litigation); *Matter of Westfall*, 808 S.W.2d 829 (Mo. 1991) (attorney reprimand ordered for televised statement accusing judge of purposefully dishonest conduct).

None of these cases interpreting the language of Rule 8.2 involved mere lawyer's complaints about how judicial conduct may have affected the decision of the jury in the context of a an adversary proceeding. Rather, the statements made were accusations of dishonesty and corruption. Kidd's comments about gestures, comments and inattentiveness made in the confines of the judicial process hardly equal the statements noted supra of graft and conspiracy. Kidd himself repeatedly stated on the record that he was not attacking the trial court's character but was simply noting how the court's conduct may have appeared to the jury.

The official comment to Rule 8.2 of the ABA Model Rules of Professional Conduct suggests as well that the Rule is meant to

reach comments on a judge's <u>integrity</u>.[3]  Comment 1 to the ABA Rule
states:

> Assessments by lawyers are relied on in evaluating
> the professional or personal fitness of persons being
> considered for election or appointment to judicial office
> and to public legal offices, such as attorney general,
> prosecuting attorney and public defender.  Expressing
> honest and candid opinions on such matters contributes to
> improving the administration of justice.  Conversely,
> false statements by a lawyer can unfairly undermine
> public confidence in the administration of justice.

Nothing in this or the other comments to the rule intimates that
the rule is to be applied, as it was by the district court, to a
lawyer's criticism of a judge's handling of a trial in which the
lawyer was involved made in papers filed with that same court in
the same proceeding.  Rather, the comment suggests that the rule is
primarily a prohibition on comments made to the public that would
undermine public confidence in the administration of justice.

Because attorney suspension is a quasi-criminal punishment in
character, any disciplinary rules used to impose this sanction on
attorneys must be strictly construed resolving ambiguities in favor
of the person charged. <u>Matter of Thalheim</u>, 853 F.2d 383, 388 (5th
Cir. 1988).  We are also wary, as a matter of policy, of equating
an attorney's questioning of the court's conduct of a trial with
the sort of character attack proscribed by Rule 8.2.  Attorneys
should be free to challenge, in appropriate legal proceedings, a
court's perceived partiality without the court misconstruing such
a challenge as an assault on the integrity of the court.  Such
challenges should, however, be made only when substantiated by the

---

The Louisiana rule is identical to the ABA rule.

trial record.

Should an attorney question how the court's behavior at trial may have affected the jury without a basis for the allegation, the court may possibly sanction that attorney under some version of ABA Rule 3.1. Rule 3.1 provides that a "lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein unless there is a basis for doing so that is not frivolous."[4] Rule 8.2 does not address such frivolous adversary statements.

Based then on our examination of other courts' application of Rule 8.2, the ABA Comment and the strict construction in favor of the charged, we conclude that Rule 8.2 does not reach Kidd's statements made in his motion for new trial. Rule 8.2 solely proscribes false or reckless statements questioning judicial qualifications or integrity (usually allegations of dishonesty or corruption). While such comments could arise in the trial context, a trial court should be careful to distinguish frivolous motions on the appearance of partiality from attacks on the character of the court.

C.    Sanctions Under the District Court's Inherent Power

The district court relied principally on its finding that Kidd violated Rule 8.2, rather than on its inherent power, as the basis for sanctions. This is demonstrated by the court's statement at

---

Louisiana has codified this provision as Rule 3.1 of the Professional Rules of Conduct.

the show cause hearing.[5]  Nonetheless, we hold that had the court relied on its inherent power to sanction Kidd, it would have abused its discretion.

## Conclusion

Since we hold that Rule 8.2 provided no basis for sanctioning Kidd for his comments on the court's handling of the trial and that use of the inherent power would have been an abuse of discretion, we REVERSE the sanction order of the district court and render judgment dismissing the rule of sanctions.

---

At the hearing, the district court stated:

Mr. Kidd, I find that you violated the terms of Rule 8.2 of the rules of professional conduct. . .And consequently I'm going to sanction you by suspending you from practice in the Western District of Louisiana for a period of one year[.]

9