**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-30417
(Summary Calendar)

CHERYL V.  CANNON,

Plaintiff - Counter Claimant -
Appellant Cross Appellee,

versus

PRINCIPAL HEALTH CARE OF
Louisiana, INCORPORATED,

Defendant - Third Party Plaintiff -
Appellee,

versus

EMPLOYERS INSURANCE OF WAUSAU,
A Mutual Company,

Third Party Defendant -
Appellee Cross Appellant

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-1062)

May 13, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges:

PER CURIAM[*]:

After suffering a work-related injury, Plaintiff-Appellant Cheryl Cannon brought this suit against Principal Health Care of Louisiana Inc. (Principal), alleging that she had been terminated in violation of the Americans With Disabilities Act (ADA).[2] Principal moved for summary judgment. Concluding that Cannon was not a "qualified individual with a disability," the district court granted Principal's motion. We affirm in part and, on two separate issues, vacate and remand for additional findings and explanations on the record.

I

FACTS AND PROCEDURAL HISTORY

In July 1992, during the course and scope of her employment with Principal, Cannon injured her back. The following January, Cannon's doctor ordered her to stop work because, in his opinion, she had become physically incapable of performing her job. That same month (January 1993) Cannon began receiving both workers' compensation payments from Principal's compensation insurance carrier and temporary total disability payments through Principal's employee benefits program. In July 1993, Cannon's six months of temporary total disability payments ran out. Cannon never provided Principal with a physician's statement that she was physically

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[2] 42 U.S.C. §§ 12101-12213 (West Supp. 1995).

capable of returning to work. As of August 1993, she was still unable to perform the work her job required, so Principal terminated her employment.

In March 1994, Cannon filed suit against Principal alleging violations of the ADA. Specifically, Cannon alleged that Principal had (1) failed to accommodate her at work in January 1993, (2) refused to accommodate her when Principal declined to authorize payment for a cervical arthrogram, and (3) discharged her because she was disabled. In October 1994, Principal moved for summary judgment, contending, inter alia, that Cannon was not a "qualified individual" under the ADA. In December 1994, the district court denied that motion, stating that disputed issues of fact precluded the grant of summary judgment.

Subsequently, Cannon's case was transferred to a new district judge of the same court. After the transfer, Principal renewed its motion for summary judgement, basing its renewal on new information obtained in the deposition given by Cannon. In January 1995, both Principal and Cannon asserted third-party claims against Wausau, Principal's workers' compensation insurer.

In March 1995, the district court concluded that Cannon was not a "qualified individual" under the ADA and granted Principal's renewed motion for summary judgment. The court relied on Cannon's own deposition testimony that she was not capable of performing her job from January 1993 until at least December 20, 1994, the date of her deposition. The court explained that Cannon was not capable of performing any work, much less the essential functions of her job

3

as required to be a "qualified individual" under applicable provisions of the ADA. Cannon timely appealed.

## II

## ANALYSIS

On appeal, Cannon urges that the district court erred in granting summary judgment. First, Cannon insists that the law of the case doctrine precluded the judge to whom her case was transferred from considering Principal's renewed motion for summary judgment. Second, she contends that the district court erred in concluding that she was not a "qualified individual" under the ADA. Two additional issues presented in this appeal involve (1) a sanction levied against A. Gill Dyer, attorney for Cannon, and (2) the denial of Wausau's motion for attorney's fees.

A.   LAW OF THE CASE

Initially, Cannon asserts that after a district court denies a motion for summary judgement, the law of the case doctrine precludes it from considering a renewal of that same motion. We disagree. While we acknowledge that law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit,[3] the law of the case is an amorphous doctrine with several exceptions.[4] Primary among these exceptions is the availability of

---

[3] See, e.g., White v. Murtha, 377 F.2d 428, 431 (5th Cir. 1967)

[4] See Cale v. Johnson, 861 F.2d 943, 947 (6th Cir. 1987).

4

new evidence.[5]

In this case, the first district judge ruled that disputed issues of fact prevented the grant of summary judgment. The new judge to whom the case was transferred concluded--with the advantage of considerably more evidence, including Cannon's own deposition--that, as a matter of law, Cannon was not a "qualified individual" under the ADA. The law of the case doctrine does not prevent the district court from revisiting an issue in light of new evidence.[6] Under the instant circumstances, the fact that the revisit is conducted by a different judge to whom the case has been reassigned is of no moment. Accordingly, we hold that law of the case did not preclude the district court from considering Principal's renewed motion for summary judgment in light of the considerable new evidence developed through subsequent discovery.

B.    THE ADA CLAIM

1.  *Standard of Review*

In employment discrimination cases, we review summary judgments de novo, applying the same standard as the district

---

[5] Wright, Miller & Cooper <u>Federal Practice and Procedure</u>: Jurisdiction § 4478, 790-91 (1981 & Supp. 1995); <u>White v. Wiliamsburg Wax Museum v. Historic Figures, Inc.</u>, 810 F.2d 243, 251 (D.C. Cir. 1987)("A subsequent motion for summary judgment based on an expanded record is always permissible."); <u>but see Dictograph prods. Co. v. Sonotone Corp.</u>, 230 F.3d 131, 134-36 (2d Cir. 1956)(noting the concern that litigants should not be encouraged to shop about in hopes of finding a judge more favorably inclined to their views justifies a <u>general</u> rule of practice against reconsideration).

[6] <u>See</u> <u>id.</u>

court.[7]  Summary judgment is appropriate where no genuine issue as to any material fact exists.[8]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[9]  In making our determination, we draw all inferences in favor of the nonmoving party.[10]

2.  *Was Cannon Covered by the ADA?*

The ADA prohibits discrimination against a "qualified individual with a disability" in the contexts of (1) job application procedures, (2) the hiring, advancement, or discharge of employees, (3) employee compensation, (4) job training, and (5) other terms, conditions, and privileges of employment.[11]  The term "qualified individual with a disability" means an individual with a disability who, with or without a reasonable accommodation, <u>can perform the essential functions</u> of the employment position that such individual holds or desires.[12]  In other words, while the ADA protects individuals with disabilities that can be accommodated in the work place, it does not afford protection to individuals with

---

[7] <u>Waltman v. Int'l. Paper Co.</u>, 875 F.2d 468, 474 (5th Cir. 1989).

[8] Fed.R.Civ.P. 56(c).

[9] <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

[10] <u>Id.</u> at 255.

[11] 42 U.S.C. s 12112(a);  see also <u>Daugherty v. City of El Paso</u>, 56 F.3d 695 (5th Cir.1995); <u>Dutcher v. Ingalls Shipbuilding</u>, 53 F.3d 723 (5th Cir.1995).

[12] 42 U.S.C. s 12111(8).

6

a total disability, i.e., those disabled individuals who, even with accommodation, cannot perform essential job functions.

Like the district court before us, we conclude that Cannon is not a "qualified individual" for the purposes of the ADA. Also like the district court before us, we do so in reliance on Cannon's own testimony to the effect that she was totally disabled during the relevant periods. Cannon testified that she was unable to work at all from January 1993 until at least the time of her deposition in December 1994. Translating her testimony into the idiom of the ADA, Cannon conceded that even "with . . . reasonable accommodation" she was unable "to perform the essential functions of the employment." Consequently, for purposes of the ADA, she is not a "qualified individual with a disability" and may not avail herself of the protections of that act.

C. SANCTIONS

Cannon's attorney, A. Gill Dyer, urges this court to relieve him of the fine levied against him for statements made in documents he submitted to the district court while representing Cannon. We review sanctions imposed against an attorney by a district court under the abuse of discretion standard.[13] A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.[14]

Dyer does not argue that the sanctions were based on an

---

[13] United States v. Brown, 72 F.3d 25, 28 (5th Cir. 1995)(citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).

[14] Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995)

7

erroneous view of the law or on a clearly erroneous assessment of the evidence. In fact, he cites no case law in support of his position. Instead, in but a single, conclusionary swipe, Dyer asserts that we should reverse the fine because it was not "fair." In addition to the lack of assistance from counsel, we find the district court's ruling on this issue, and its reasons and reasoning, somewhat opaque. In a minute entry, the court stated that the grounds for the sanction can be found on "page two of Plaintiff's Opposition to Wausau's Motion to Dismiss." We have located and read that page in the record, yet we remain unable to discern the court's reason for imposing the sanction. Without more, appellate review is not possible. Given the seriousness to an attorney of having a sanction levied against him, we are reluctant either to affirm or reverse the district court's decision to sanction Dyer. Accordingly, we vacate the portion of the district court's judgment granting sanctions and remand this issue to the district court for further explication of its reasons and reasoning for assessing the sanction against Dyer. In so doing, we neither express nor imply an opinion on the propriety of the court's ruling; we simply return this issue to the district court for a more particular and precise explanation.

D. CROSS-APPEAL FOR ATTORNEY'S FEES

In a cross-appeal, Wausau contends that the district court should have granted its motion for attorney's fees. Wausau sought attorney's fees under Rule 11, 28 U.S.C. § 1927, 42 U.S.C. § 12205, and the inherent power of the court. As noted earlier, we review

8

all aspects of a district court's decision to grant or deny sanctions on an abuse-of-discretion standard.[15]

In a brief four-sentence minute entry, the district court canceled the attorney's fee hearing that it had scheduled and declined to award Wausau any attorney's fees. The court gave no explanation for its actions and conclusions. Based on this sparse record, we are unable to determine whether the district court abused its discretion in reaching this conclusion. Thus, we must vacate the denials of attorney's fees and remand this issue as well, so that the court can supply a more detailed explication-- either why Wausau was not awarded attorney's fees or, if it should change its conclusion, how much Wausau should receive in attorney's fees. As in the instance of Dyer's sanction, we neither express or imply an opinion on the merits of this issue; we simply remand for a more detailed explanation of whatever determination it makes.

III

CONCLUSION

For the foregoing reasons the judgment of the district court awarding summary judgment in favor of Principal is affirmed. With respect to the sanction levied against Dyer and the denial of Wausau's motion for attorney's fees, however, we vacate and remand for further proceedings consistent with this opinion.

AFFIRMED in part; VACATED and REMANDED in part.

---

[15] Childs v. State Farm Mutual Automobile Ins. Co., 29 F.3d 1018, 1022 (5th Cir 1994).

9