# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11189

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

In re:  WILLIAM HERMESMEYER,

Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-MC-17

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Williams Hermesmeyer, an Assistant Public Defender, appeals the district court's imposition of a $500 fine for violating Local Rule 57.8(b).  We affirm.

## I

Hermesmeyer represented a defendant who pleaded guilty to illegal re-entry after deportation.  At the sentencing hearing, the following exchange between Hermesmeyer and the district court occurred:

> THE COURT: Okay.  Let's see.  There were some—there were two objections filed, and I believe both of them were related to the possibility of a sentence above the top of the advisory guideline range.  Did I read those correctly, Mr. Hermesmeyer?

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11189

MR. HERMESMEYER: Your Honor, I think they have more to do with legality of whether such a sentence would be permissible or appropriate.

THE COURT: I'm sorry, I was wondering if I'm correct in thinking that both of the objections have to do with the possibility of a sentence above the top of the advisory guideline range. What is the answer to that?

MR. HERMESMEYER: Your Honor, just what I said.

THE COURT: I'm not sure I understand how that answered my question. I've asked the question again. Would you please answer the question either yes or no.

MR. HERMESMEYER: Your Honor, I would stand on what I previously said. Thank you.

THE COURT: Mr. Hermesmeyer, you get very close to being held in contempt of court. Would you answer my question?

MR. HERMESMEYER: I have no further response, your Honor.

THE COURT: Okay. Mr. Hermesmeyer, I've ordered you to answer my question, and you've refused to answer it. I consider that you're in civil contempt of court, and also you're in violation of one of the local rules that requires attorneys to appropriately conduct themselves and to respond and answer orders of the Court. I'm going to give you another opportunity to answer my question. And if you would like, if you decline to answer my question, I'll give you an opportunity at this time to respond to my suggestion that you will be held in civil contempt of court and held in violation of the local rule concerning the conduct of attorneys, if you refuse to answer my question. You may proceed.

[Pause in proceedings.]

THE COURT: Okay. Apparently you're not going to respond. I'm ordering that you are in violation of the local rule. Let me get the exact number of it.

No. 16-11189

MR. HERMESMEYER: Your Honor, at this point I would move to withdraw from the representation of [the defendant] given the indications that the Court has made. [He] needs an attorney that's not under the threat of civil contempt or whatever sort of contempt that the Court is indicating at this point.

THE COURT: I deny that motion. Rule of Criminal Procedure LCR 57.8(b) says: A presiding judge, after giving an opportunity to show cause to the contrary, may take any appropriate disciplinary action against a member of the bar for conduct unbecoming a member of the bar and failure to comply with any order of the Court.

I consider that you have violated that rule in both respects. I'll give you an opportunity—I've given you an opportunity to show cause why you shouldn't be disciplined for that and you've declined to respond, so I'm ordering that you pay a $500 fine, and that it be paid by 2:00 today, and be paid to the office of the clerk of court here in Fort Worth.

On the same day as the sentencing hearing, the district court entered a written order imposing the $500 fine. It concluded that Hermesmeyer had "engaged in conduct unbecoming a member of the Bar of this court and failed to comply with an order of this court" in violation of Northern District of Texas Local Criminal Rule 57.8(b). The district court noted that it had warned Hermesmeyer of possible disciplinary action against him before imposing the sanction, but that Hermesmeyer nevertheless "persisted in his inappropriate conduct." It also stated that Hermesmeyer had "failed to show cause why he should not be disciplined."

After the hearing and entry of the written order, Hermesmeyer filed a notice with the district court to explain his conduct. Hermesmeyer stated that his "obligation of candor to the Court necessitated" the response he gave at the sentencing hearing. In his view, whether the objections to the presentencing report "were related to the possibility of a sentence above the top of the

3

advisory guideline range" required both a yes and a no answer: in his opinion, "the possibility for such a sentence *did not* exist according to the objections' legal analysis," but, if there was authority to impose that sentence, "such a sentence *would be possible* yet not appropriate for other mitigating reasons." According to Hermesmeyer, to answer in the affirmative would have been incomplete and inaccurate.

The district court did not rescind its disciplinary order, and Hermesmeyer paid the fine. Hermesmeyer then appealed. After he filed a notice of appeal, the district court issued a thirty-two page supplemental order to "provid[e] background and context for the court's decision to take disciplinary action against" Hermesmeyer and to aid this court in its evaluation of Hermesmeyer's appeal. The district court described a number of other instances in which it believed Hermesmeyer engaged in disruptive conduct that was "procedurally and substantively improper," noting that Hermesmeyer had "developed a practice of improperly disrupting the court's Rule 11 penalty admonitions."

In several cases, Hermesmeyer objected to the district court's admonition that defendants pleading guilty to drug offenses might be subject to lifetime supervised release. Because the factual resumes in those cases indicated terms of supervised release "not less than *x* years," Hermesmeyer objected to the district court's admonition. The district court asked Hermesmeyer for legal support for the objections, support which Hermesmeyer was unable to provide satisfactorily. In one of those cases, the district court pointed out that Hermesmeyer could object to the possible penalty of lifetime supervised release at sentencing, if his client did in fact receive such a penalty. Hermesmeyer was unable, in the district court's view, to provide persuasive authority supporting his contention that the objection at rearraignment was necessary to preserve it for appeal.

No. 16-11189

The district court recounted another case in which Hermesmeyer objected to the proposed jury charge in advance of a criminal trial. Finding no substantive difference between the proposed charge and Hermesmeyer's suggested substitution, the district court warned Hermesmeyer against further "evasive[]" responses to the court's questions and explained that he was "going to have to straighten [his] act up." The district court repeatedly asked Hermesmeyer what the substantive difference between the two versions was such that an objection was necessary, to which Hermesmeyer stated that he was "just going to rely on the objection that has been recited." The district court stated that Hermesmeyer had disregarded a "specific question" by the court and "refused to answer it." The district court again warned Hermesmeyer that he might be subject to contempt proceedings or sanctions for refusing to answer the district court's questions, though no sanctions were imposed in that instance.

In its supplemental order, the district court noted that the relevant conduct here "was not unlike conduct in which [Hermesmeyer] had engaged on prior occasions that led to expressions of concern by the court." It concluded that "[Hermesmeyer] was adequately warned on July 15, 2016, and knew from previous warnings from the court that he was at risk of discipline."

## II

We review whether an attorney's conduct is subject to sanction de novo.[1] A district court's imposition of a particular sanction is reviewed for abuse of discretion.[2] A district court abuses its discretion "if the ruling is based on an 'erroneous view of the law or on a clearly erroneous assessment of the

---

[1] *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999).
[2] *Id.* (citing *United States v. Brown*, 72 F.3d 25, 28 (5th Cir. 1995)).

5

evidence.'"[3]  "The question before us is not whether we would [impose the same punishment] but, rather, whether the district court abused its discretion in doing so."[4]

## III

We first address whether we can consider the district court's supplemental order.  Generally, "the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded."[5]  We have explained that under the exception to this general rule for aiding the appeal, the "district court should have full authority to take any steps during the pendency of the appeal that will assist the court of appeals in [its] determination."[6]

In the instant case, the district court entered a written order the same day it held Hermesmeyer in violation of the Local Rule.  In a supplemental order, filed three weeks after its first order and six days after Hermesmeyer's notice of appeal, the district court submitted that "[d]escriptions of inappropriate conduct of Hermesmeyer in the handling of other cases before [this case], help explain the court's decision to impose discipline for his . . . conduct."  The supplemental order did not assert alternate grounds for imposing the $500 fine, nor did it suggest that the district court imposed the fine as punishment for past behavior.  Rather, the supplemental order

---

[3] *In re Deepwater Horizon*, 824 F.3d 571, 577 (5th Cir. 2016) (per curiam) (quoting *Brown*, 72 F.3d at 28).

[4] *In re Sealed Appellant*, 194 F.3d at 673.

[5] *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983); *accord In re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

[6] *Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir. 1972) (quoting 9 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 203.11 n.2 (2d ed. 1961)).

No. 16-11189

reiterated that the sanction was imposed pursuant to the Local Rule and provided context for the district court's discipline of Hermesmeyer, namely that Hermesmeyer's failure to answer the district court's question was not the first misunderstanding and that the district court had previously warned Hermesmeyer that his conduct could be subject to discipline. Because the supplemental order aids this court in evaluating the sanction imposed, we consider it.

## IV

In imposing sanctions, the district court relied on its finding that Hermesmeyer had violated a professional rule, rather than on its inherent power to discipline parties appearing before it.[7] "It is well settled that in order for a federal court to sanction an attorney under its inherent powers, it must make a specific finding that the attorney acted in bad faith."[8] This circuit has declined, however, to require a finding of bad faith if a district court sanctions an attorney for violating one of the district court's local rules.[9] We again decline to impose that requirement here.

Under Local Criminal Rule 57.8(b), a judge may take disciplinary action against a member of the bar for "conduct unbecoming a member of the bar" and for "failure to comply with any rule or order of the court."[10] Although "conduct unbecoming a member of the bar" is not defined in the Local Rules, the Supreme Court has interpreted the same language, as used in Federal Rule of

---

[7] *See Brown*, 72 F.3d at 27 n.2 & 29 (concluding that the district court principally relied on a violation of the professional rules in imposing sanctions, even though the court referenced its inherent power to do so in its ruling). We recognize that the district court initially "consider[ed] [Hermesmeyer] in civil contempt of court, and also . . . in violation of one of the local rules." However, based on the district court's subsequent statements, it is clear that Hermesmeyer was sanctioned for violation of the Local Rule and not held in civil contempt.

[8] *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016).

[9] *Id.*

[10] N.D. TEX. LOCAL CRIM. R. 57.8(b)(1)-(2).

No. 16-11189

Appellate Procedure 46, to mean "conduct contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts, or conduct inimical to the administration of justice."[11]   Failure to answer a court's question can constitute failure to comply with an order of the court.[12]

We conclude that Hermesmeyer's conduct at the sentencing hearing violated the Local Rule.  The district court, in its effort to conduct sentencing efficiently, asked Hermesmeyer if his objections "related to the possibility of a sentence above the top of the advisory guideline range."  The clear import of that question was to confirm that Hermesmeyer objected to the recommendation that his client be sentenced above the guideline range.  The district court believed that Hermesmeyer failed to answer this question adequately, and Hermesmeyer refused to alter his response when the court repeated the question.

Hermesmeyer characterizes all of this exchange as the result of the district court's demand that he give a yes or no answer to the district court's question. First, even if the district court's stated options for an answer were inadequate, Hermesmeyer needed to answer in some way.  Second, even before the district court indicated he wanted a simple one-word answer, Hermesmeyer had responded to a much more open-ended question with the equivalent of a refusal to explain, saying his answer was "just what I said." Perhaps the district court contributed to the difficulties, but an attorney must comply with court orders.

---

[11] *In re Snyder*, 472 U.S. 634, 644-45 (1985).

[12] *See Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 189, 190 (5th Cir. 1985) (considering an attorney's failure to answer interrogatories adequately as failure to comply with a court's order); *Clark v. Mortenson*, 93 F. App'x 643, 651 (5th Cir. 2004) (per curiam) (citing *Howell v. Jones*, 516 F.3d 53, 55, 58 (5th Cir. 1975)) (considering an attorney's failure to answer the court's direct question as contemptuous behavior).

No. 16-11189

We also conclude that the district court did not abuse its discretion in imposing a $500 fine. As a general rule, a court imposing sanctions "must use the least restrictive sanction necessary to deter the inappropriate behavior."[13] Here, the district court had previously warned Hermesmeyer that similar conduct was inappropriate.[14] Hermesmeyer was also provided the opportunity to explain why he would not answer the district court's question, and he was warned that he would be sanctioned for failing to answer. In light of these circumstances, we cannot say that the district court abused its discretion in fining Hermesmeyer $500.

*　　　*　　　*

For the foregoing reasons, we AFFIRM.

---

[13] *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (upholding sanctions imposed under the bankruptcy rules and under the bankruptcy court's inherent authority because attorney failed to heed oral and written warnings not to engage in personal attacks).

[14] *See In re Greene*, 213 F.3d 223, 224, 225 (5th Cir. 2000) (per curiam) (vacating a $300 fine imposed pursuant to Local Rule 57.8(b) for an attorney arriving ten to twelve minutes late for a hearing because the district court should have first admonished the attorney about being on time for this first infraction).

No. 16-11189

REAVLEY, Circuit Judge, concurring:

I concur. This unnecessary exercise began as Judge McBryde had stated an aspect of the sentencing law. Counsel for defendant interrupted so he may have preferred to have the court speak in terms of what was an appropriate sentence at the top of the guidelines for his client. The judge tried several times to get counsel to explain what he meant by his objection, asking "please" and finally suggesting contempt. But counsel let it go on to his satisfaction. Whether this was the violation of a rule or contemptuous behavior, this was unacceptable professional conduct.