# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30525
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2017

Lyle W. Cayce
Clerk

JENNIFER R. MARKS,

Plaintiff

v.

AMORE NECK, Corporal, ET AL,

Defendants

CHADWICK W. COLLINGS,

Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-5454

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

This appeal asks us to decide whether the district court abused its discretion in sanctioning counsel for one of the parties, pursuant to operation of a local rule, for not timely informing it the parties had reached a compromise of the underlying case when, on the date the sanctions were

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

entered, the compromise had not been confirmed and the agreement had not been finalized. For the following reasons, we find the district court abused its discretion in so ordering and reverse and vacate the sanctions order.

Local Rule 16.4 of the Eastern District of Louisiana requires counsel to inform the court "[w]henever a case is settled." *Id.* (alteration added). Appellant, Chadwick W. Collings, was counsel for the defendants in the underlying case, and trial was scheduled to commence May 22, 2017. In the final weeks before trial, counsel attempted to negotiate a settlement, and starting May 12, 2017, counsel began exchanging phone calls and communications in an effort to resolve the case. A tentative agreement was reached May 13, 2017, with the parties agreeing to touch base the following week to "discuss final release documents and confidentiality wording."

Counsel for defendants prepared a draft settlement agreement and joint motion to dismiss, and provided them to counsel for plaintiffs on May 18, 2017. Plaintiff's counsel agreed to review and advise on the documents. Counsel for defendants sent two emails on May 19, 2017 requesting counsel for the plaintiffs provide authorization to file the joint motion to dismiss. Counsel for the plaintiffs responded on May 22, 2017, confirming approval of the settlement documents.

Earlier, on May 19, 2017, plaintiff's counsel's assistant verbally and erroneously informed the district court the case had settled on May 13, 2017. The district court issued an order setting a show cause hearing for May 22, 2017, directing counsel for the parties to show cause why they should not be sanctioned for failing to inform the court the case, set for jury trial on Monday, May 22, had settled on Saturday, May 13. The district court held the hearing and sanctioned counsel for the parties $1,000 each, based on violation of Local Rule 16.4. The court stated it was not required to find the attorneys acted in bad faith, since it was entering the sanctions based on a

No. 17-30525

violation of a local rule which did not require such a finding.

Appellant Collings filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(a), or alternatively motion for relief from judgment or order pursuant to Rule 60(b). The district court denied the motions, and this appeal followed. This court has jurisdiction over this appeal under 28 U.S.C. § 1291.

The court reviews a sanctions order for abuse of discretion. *See United States v. Brown*, 72 F.3d 25, 28 (5th Cir. 1995). A court abuses its discretion if a sanctions order is based on an "erroneous assessment of the evidence." *Id.* Here, it is plain the district court abused its discretion, as the sanctions order was based on a misapprehension of the evidence.

\* \* \*

Based on the foregoing, the sanctions order is **REVERSED** and **VACATED**.