# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10589

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2018

Lyle W. Cayce
Clerk

In re: ROBERT E. LUTTRELL, III,

     Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-MC-12

Before SMITH, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

The district court sanctioned attorney Robert Luttrell, III, for the actions he took while representing Matthew Thompson on appeal in Thompson's criminal case. Luttrell now challenges those sanctions. Finding all but one of the sanctions proper, we affirm in part and reverse in part.

I.

Luttrell became a member of the Fort Worth Division's Criminal Justice Act Voluntary Panel ("CJA Panel") in April 2009. At the time, he had been a bar member in the Northern District of Texas for about two years. In Luttrell's CJA Panel application, he asked to be appointed to represent defendants in criminal trials. The application made clear that "appointments usually include

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10589

representation on appeal." This is consistent with the district court's Criminal Justice Act Plan, which has a "continuing representation" clause that outlines when an appointed counsel's duties end:

> Continuing Representation. Once counsel is appointed under the CJA, representation shall continue until: 1) the matter, including appeal or review by certiorari, is closed; 2) substitute counsel has filed a notice of appearance; 3) an order has been entered allowing or requiring the person represented to proceed pro se; or 4) the appointment is terminated by court order. The court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.

In July 2016, the district court appointed Luttrell to represent Thompson in his criminal case. The document confirming Luttrell's appointment unambiguously stated that "[t]his appointment continues through any appeal unless counsel is relieved by court order for good cause shown." Luttrell also filed an entry of appearance as Thompson's counsel in which he confirmed his understanding that he must "assist [his client] with any appeal which he/she desires to perfect, and to represent him/her on appeal until a final judgment has been entered; unless and until, after written motion" he is relieved by the Court.

After Thompson pleaded guilty and was sentenced, Luttrell filed a notice of appeal for Thompson, but he simultaneously filed a motion to withdraw as Thompson's attorney, stating that he "does not handle appeals." The district court denied the motion, reminding Luttrell that he had explicitly agreed to represent criminal defendants on appeal and instructing him "to take whatever steps are necessary to assist Thompson in the pursuit of [his] appeal."

After this denial, Luttrell continued to represent Thompson on appeal. On December 15, 2016, the Fifth Circuit affirmed the district court's

No. 17-10589

sentencing judgment and notified Luttrell. The December 15 notice outlined Luttrell's responsibilities going forward:

> Court Appointed Counsel. Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order. If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, and advise them of the time limits for filing for rehearing and certiorari. Additionally, you must confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

Luttrell did not file a petition for rehearing within the allotted time, did not file a motion to withdraw as counsel, and did not inform Thompson of the Fifth Circuit's ruling. [*See* ROA.17] The mandate issued on January 6, 2017.

On January 9, the district court received a letter from Thompson asking about the result of his appeal. Thompson's letter stated that he knew there were certain time limitations for contesting the Fifth Circuit's judgment if his appeal was denied and that Luttrell had not responded to his requests for information. Indeed, the time for filing a rehearing petition had come and gone. In response, the district court, on January 10, admonished Luttrell for failing to provide his client with notice of the Fifth Circuit's judgment and directed him to provide Thompson with all the materials in his possession pertinent to Thompson's case. The district court received yet another letter from Thompson on January 27, which indicated that he had yet to receive his case file or transcripts from Luttrell.[1]

---

[1] While Luttrell did not send the entire case file to Thompson, he did send him a letter on January 17 containing a copy of the Fifth Circuit's judgment. The letter also informed Thompson that he believed petitioning for a writ of certiorari would be futile and notified Thompson of his intent to withdraw as counsel. The letter made no mention of Thompson's (since-expired) right to seek rehearing.

3

No. 17-10589

In response to Thompson's second letter, the district court immediately issued another order. The order noted that Luttrell had failed to comply with the Fifth Circuit's original directive, had yet to formally file a motion to withdraw as Thompson's counsel, and had apparently ignored the district court's January 10 order. The court ordered Luttrell to provide explanations by February 3 for his failure to timely notify Thompson of the outcome of his appeal and his intent to withdraw as counsel, his failure to adhere to his responsibilities with respect to the rehearing petition, and his failure to provide Thompson with materials relevant to his case.

February 3 passed with no word from Luttrell. On February 15, the district court issued yet another order, again noting Luttrell's continued non-compliance with the court's directives. It gave Luttrell one final opportunity to explain his various failures by March 1. On February 27, Luttrell finally filed a two-page response to the district court's order. He stated that he was in the middle of a jury trial when the Fifth Circuit's judgment was rendered and then took a vacation over the Christmas break. After this, he was ordered out of town for a week to fulfill his obligation with the United States Air Force Reserves. Luttrell stated that "my short delay in writing to Mr. Thompson"—which in fact was more than 30 days—"did not harm his appellate rights in anyway [sic]." He also stated that while he "mistakenly omitted informing Mr. Thompson of his right to request a rehearing," Thompson's case did not warrant a rehearing.

As for the documents Thompson had requested and the district court had ordered Luttrell to provide, Luttrell retorted that he had provided Thompson with the same material he provided all his clients. He claimed that he did not see the district court's order until he had returned from Reserve duty and "by that point [he] was filing [his] motion to withdraw."

4

No. 17-10589

The district court found Luttrell's explanation wanting. On March 14, it ordered Luttrell to mail a properly posted packet to Thompson containing everything in his possession pertinent to Thompson's case. The court also informed him of its intent to initiate disciplinary proceedings against him under Local Criminal Rule 57.8(b)(1)–(3). It issued a scheduling order on March 15 and set a show-cause hearing for March 28.

At the show-cause hearing, Luttrell repeated his prior reasons for failing to notify Thompson of the Fifth Circuit's December 15 judgment—namely, that he had trial, vacation, and Reserve duty. Luttrell reiterated that he did not think the delay prejudiced Thompson, even though the time to petition for rehearing had expired. He claimed that he would not have agreed to file a rehearing petition—even if Thompson had requested it—because it would have been frivolous. He also stated that he did not believe Thompson had a right to decide whether to file a rehearing petition. When pressed on the point by the district judge, who raised the possibility that Thompson could have decided to file a petition himself, Luttrell admitted that it was a mistake on his part to keep Thompson in the dark.

When asked why he had failed to comply with the district court's January 10 order, Luttrell first claimed that he never received it. He then backtracked and stated that he may have received it, but he did not open it because he would have assumed it was a matter regarding another related defendant. When asked why he failed to comply with the court's January 27 order, Luttrell again claimed ignorance.

On May 15, the district court entered a 40-page order imposing discipline against Luttrell under Local Criminal Rule 57.8(b)(1)–(3). It concluded that Luttrell's actions leading up to and through Thompson's appeal—as well as his actions following the issuance of the Fifth Circuit's mandate—constituted conduct unbecoming a member of the bar, a failure to comply with the district

5

court's orders, and unethical behavior. The district court specified that "[a]ll findings of fact . . . are made by the clear and convincing evidence standard unless otherwise indicated." The order imposed the following sanctions on Luttrell: (1) removal from Fort Worth's CJA Panel; (2) a $750.00 fine; and (3) 12 hours of ethics courses at an accredited law school to be completed by January 5, 2018.

Luttrell filed a timely notice of appeal challenging those sanctions. [ROA.91] He raises two issues: (1) whether the district court had jurisdiction to impose discipline; and (2) whether the district court exceeded its sanction authority and imposed excessive disciplinary measures.

## II.

We review challenges to a district court's jurisdiction de novo. *United States v. Sims Bros. Const.*, 277 F.3d 734, 741 (5th Cir. 2001). Whether an attorney's conduct is sanctionable is reviewed de novo while the substance of a particular sanction is reviewed for an abuse of discretion. *In re Sealed Appellant*, 194 F.3d 666, 670 (5th Cir. 1999).

## III.

## A.

In his opening salvo, Luttrell contends that because Thompson's underlying criminal case had already been appealed to the Fifth Circuit, the district court lacked jurisdiction to discipline him.

Luttrell cites only one case in the jurisdiction portion of his brief. He correctly identifies the general principle that "a perfected appeal divests the district court of jurisdiction." *Winchester v. U.S. Attorney for S. Dist. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995). But Luttrell's reliance on this principle skips over a key fact: Luttrell was appointed by the district court. And as stated in

the district court's Criminal Justice Act Plan, his representation continued through the *completion* of any appeal.

So while Luttrell correctly notes that he was sanctioned for conduct occurring after Thompson's appeal was filed, that is of no moment. It is well established "that a district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case." *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637–38 (5th Cir. 2008) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). That is what happened here. The district court was enforcing its Criminal Justice Act Plan by sanctioning Luttrell for failing to competently represent Thompson through the conclusion of his appointment. Accordingly, we reject Luttrell's jurisdictional argument and turn to the merits.

## B.

The district court imposed several sanctions on Luttrell: (1) disqualification from Fort Worth's CJA Panel; (2) a $750.00 fine; and (3) 12 hours of ethics courses at an accredited law school. [ROA.129–31] Luttrell contends that the district court exceeded its authority in imposing these sanctions because (1) the facts do not support a finding of bad faith, (2) his conduct is not sanctionable, and (3) even if it was, the sanctions themselves are disproportionate to the alleged misconduct.

Luttrell's bad-faith argument fails for the simple reason that there is no bad-faith requirement. That is because the district court explicitly invoked its sanctioning authority under Local Criminal Rule 57.8(b)(1)–(3);[2] it did not invoke its inherent sanctioning power. And while a district court must make a

---

[2] Local Criminal Rule 57.8(b)(1)–(3) permits the court to take disciplinary action against a member of the bar after an opportunity to show cause for conduct unbecoming, failure to comply with any rule or order of the district court, and unethical behavior.

specific bad-faith finding when relying on its inherent sanctioning authority, it does not have to do so when acting under its local rules. *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016) ("As we conclude that the district court was not required to make a finding of bad faith before sanctioning Goode under [the local rules], we turn to Goode's constitutional challenge."); *see also In re Hermesmeyer*, 688 F. App'x 300, 304 (5th Cir. 2017). Thus, we need not examine whether the facts would support a bad-faith finding and can move on to Luttrell's second argument.

Luttrell next contends that his conduct was not sanctionable. We disagree. Luttrell never advised Thompson of his right to a rehearing, failed to recognize how this prejudiced Thompson, ignored Thompson's request for his case materials, and repeatedly flouted the district court's directives. These facts easily support discipline under Local Criminal Rule 57.8(b)(1)–(3)—that is, they show that Luttrell acted in a manner unbecoming of a member of the bar, failed to comply with the district court's orders, and engaged in unethical behavior.

The only question, then, is whether the sanctions themselves are so burdensome that imposing them constituted an abuse of discretion, bringing us to Luttrell's last argument.

As a general rule, "the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior." *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002). We hold that the first two sanctions—removal from the CJA Panel and the $750 fine—meet this standard. We think differently, however, about the ethics requirement.

The district court ordered Luttrell to complete 12 hours of ethics courses at an accredited law school in eight months. To do this, he would presumably need to take the LSAT, apply, and be admitted into a law school. He would then likely need to suspend his law practice—12 hours of classes would almost

make Luttrell a fulltime student. And finally, even if he did all this, we are aware of no law school that even offers 12 hours of ethics courses in a single semester.

Because of these difficulties, this particular sanction is not the least restrictive means of deterring Luttrell's conduct and is overly burdensome. Accordingly, we find that the district court abused its discretion in imposing the ethics requirement, and we revise the sanction as follows: Luttrell must complete 3 hours of CLE courses in ethics by May 31, 2019, and he must report his compliance to the district court.

## IV.

For the foregoing reasons, we AFFIRM in part and REVERSE and RENDER in part the district court's imposition of sanctions on Luttrell.