REVISED - June 28, 2000

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-11269

IN RE: DOUGLAS C. GREENE,

Appellant.

Appeal from the United States District Court
For the Northern District of Texas

May 26, 2000

Before REAVLEY, DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:

Douglas Greene is an Assistant Federal Public Defender who appeals from $300 in sanctions entered against him by Judge John McBryde. Because the record does not support the sanctions order, we vacate and render.

I.

This is a classic case of a judge making a mountain out of a molehill. On the day in question, Judge McBryde began calling his arraignment docket at 9:00 a.m. Greene represented a defendant scheduled for arraignment before Judge McBryde that morning but his

secretary had mistakenly listed the arraignment on Magistrate Judge Charles Bleil's docket for 9:30 a.m. When Greene was informed that the arraignment was before Judge McBryde, he rushed into Judge McBryde's courtroom, arriving at 9:10 or 9:12 a.m. Mr. Greene apologized and explained his reason for being late. Judge McBryde announced his intent to immediately try Greene for criminal contempt. The judge denied Greene's motion for continuance and proceeded to hold Mr. Greene in contempt and fined him $150. After taking a guilty plea, Judge McBryde then returned to Greene's contempt citation. Greene reiterated his request for a hearing and for permission to call his secretary to corroborate that she had erroneously recorded Mr. Greene's court appearance before Magistrate Judge Bleil at 9:30. Judge McBryde then permitted Mr. Greene to call his secretary, Ms. Castro. Ms. Castro fully corroborated Greene's earlier statement that she had erroneously placed the rearraignment on the calendar as being before Judge Bleil rather than Judge McBryde. Greene and his secretary explained that the calendar mistake was due in part to the fact that Judge McBryde had only recently resumed handling criminal cases following a one year suspension of his criminal docket as a result of Circuit Judicial Council sanctions against Judge McBryde.

During the course of the hearing, which lasted approximately an hour and a half, Judge McBryde became interested in whether a letter from the Department of Justice advising of the date of the rearraignment was the top item under the ACCO fastener in Mr.

Greene's file. Mr. Greene initially stated that the top item was a copy of some sort of docket sheet. When Judge McBryde questioned the accuracy of this statement, Mr. Greene stated "but I am not trying to disagree with what the document was in the file. I don't know where it was. I don't recollect it was on top. It could have been. I don't know. I am not trying to pull a fast one on Your Honor. I was just pulling it out because you asked me to show it to Ms. Castro and that's what I was getting ready to do." Judge McBryde concluded that Mr. Greene had misrepresented to him the location of the Department of Justice letter in his file. Judge McBryde characterized this incident as follows:

> That is dishonest conduct that should not be engaged in by any attorney, whether from the United States Attorney's Office or in private practice or the Federal Public Defender's Office or anybody else's office. It's deceptive conduct to mislead the Court and was done directly in my view, as if you had such little respect for the Court that I wouldn't be able to see what was going on from here to the counsel table.

Following the hearing, Judge McBryde dictated findings in the record and adjudged Mr. Greene guilty of two counts of contempt: one for being 12 minutes late for the hearing and the other for misrepresenting the location of the Department of Justice letter in his file. Four days later Judge McBryde issued a written order withdrawing his earlier judgment of contempt and concluding that it would be more appropriate to discipline Mr. Greene under Local

3

Criminal Rule 57.8(b).[1]  As a result, Mr. Greene had no opportunity to respond to the sanction issued under the court's local rule.

## II.

Mr. Greene raises a number of serious issues on appeal.  He argues that he received inadequate notice to adequately prepare a defense to the contempt charge.  He admittedly received <u>no</u> notice of the judge's intent to sanction him under the court's local rules.  He also argues that Judge McBryde should have recused himself in view of the judge's biased attitude toward him in this case and his conflict with the Federal Public Defender's Office arising out of lawyers in that office testifying in the Judicial Council proceeding against Judge McBryde.

Too much time and effort has already been spent on this case and we need not consider these arguments.  We have carefully reviewed the record in this case which demonstrates without contradiction that Mr. Greene had a plausible reason for being 10-12 minutes late for his hearing: his secretary erroneously recorded on Mr. Greene's calendar that the appearance was before a different judge.  This error was caused in part by the fact that Judge

---

[1]The Northern District of Texas Rule 57.8(b) provides: "A presiding judge, after giving opportunity to show cause to the contrary, may take any appropriate disciplinary action against a member of the bar for: (l) conduct unbecoming a member of the bar; (2) failure to comply with any rule or order of this court; (3) unethical behavior; (4) inability to conduct litigation properly; (5) conviction by any court of a felony or crime involving dishonesty or false statement; or (6) having been publicly or privately disciplined by any court, bar, court agency or committee."

4

McBryde had only recently resumed handling a criminal docket. There is no evidence that Mr. Greene had ever been late for a previous court appearance. The record supports no finding that Greene was in bad faith. See In re Royal D. Adams, 505 F.2d 949 (5th Cir. 1974); United States v. KS&W Offshore Engineering, Inc., 932 F.2d 906 (11th Cir. 1991); United States v. Maynard, 933 F.2d 918 (11th Cir. 1991). At most, Mr. Greene deserved an admonition about checking his calendar and being on time; but criminal contempt should not have been on the judge's radar screen for this minor infraction. Rather, the record clearly demonstrates that he made an innocent, completely understandable, mistake. As the Eleventh Circuit stated in KS&W Engineering: "When an attorney fails to appear or makes a delayed appearance, however, the conduct which is subject to sanction is not the absence itself but the failure to provide sufficient justification for the absence or delay." 932 F.2d at 909 (citing United States v. Nunez, 801 F.2d 1260 (11th Cir. 1986)).

With respect to Greene's statement concerning the Justice Department letter, the record reveals that Greene was uncertain about its location in his file and justifiably bewildered about Judge McBryde's intense interest in such a peripheral point. The record does not support a conviction for criminal contempt arising out of this exchange between Greene and Judge McBryde.

As for the court's post hoc substitution of a sanction under the Court's Local Rule instead of contempt, Mr. Greene never had

notice or an opportunity to be heard and contest the disciplinary action under the Local Rule.  We conclude, however, that no remand is necessary for a further hearing regarding such a trivial matter. We are satisfied from the detailed record already made that the facts of this case do not warrant imposition of sanctions.

For the reasons stated above, the sanctions award is vacated and judgment is rendered in favor of appellant.

VACATED and RENDERED.