**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-60229
Summary Calendar
_____

HEATHER PATRICE HOGROBROOKS,

Plaintiff - Appellant,

versus

BALLY'S OLYMPIA L P,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the North District of Mississippi
(No. 2:01-CV-22-EMB)
_____
September 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM[*]:

Heather Patrice Hogrobrooks (Hogrobrooks) sued Bally's Olympia LP (Bally's) for racial discrimination arising from termination of her employment with Bally's as a part-time blackjack dealer, in violation of both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Hogrobrooks also alleged Bally's mandatory Mississippi Gaming Commission filing regarding her termination was per se defamation, and further alleged Bally's violated the notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements of the Consolidated Omnibus Budget Reconciliation Act (COBRA). With the consent of both parties, the matter was referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(4), Fed. R. Civ. P. 73, and Uniform Local Rule 73.1. The magistrate judge granted summary judgment in favor of Bally's on all issues. Hogrobrooks attempts to appeal the grant of summary judgment on substantive and procedural grounds, denial of various discovery rulings, reference to a magistrate judge, and imposition of sanctions resulting from unexplained tardiness to a court-ordered settlement conference. After a review of the record, we affirm.

## I. Facts and Procedural History

The undisputed facts underlying the present appeal are as follows. Hogrobrooks was hired by Bally's as a part-time blackjack dealer in June, 2000. On July 23, 2000, Hogrobrooks received a verbal warning after she was told to pick up a player's cards but refused the instruction and talked back to her supervisor. On September 26, 2000, after further warnings and problems, Hogrobrooks employment with Bally's ended with her unfavorable termination for uncooperative behavior.

Plaintiff brought suit in federal district court and a magistrate judge was assigned to handle pretrial, non-dispositive matters. The parties eventually consented to the referral of this cause for trial by the magistrate judge and it was so ordered by the district court judge. During the course of the proceedings

below, the magistrate judge denied several of Hogrobrooks discovery motions and two motions to vacate the order of reference. The magistrate judge also sanctioned Hogrobrooks for arriving forty-five minutes late to a court-ordered settlement conference.

On February 11, 2001, after the deadline for motions in the case, Bally's petitioned the court for leave to file a motion for summary judgment and attached a proposed motion for summary judgment. On February 17, 2001, prior to a ruling on the motion, Hogrobrooks mailed correspondence to the magistrate judge informing the court she would not be responding to Bally's summary judgment motion. The magistrate judge thereafter permitted filing of the summary judgment motion and subsequently granted the motion on March 7, 20001 with a clerk's entry date of March 11, 2001.

## II. Discussion

Appellant raises a litany of potential issues on appeal but ultimately only presents two issues with sufficient legal analysis to warrant consideration by the Court. First, Hogrobrooks argues the magistrate judge erred procedurally by entering summary judgment. Second, Hogrobrooks argues the magistrate judge abused his discretion in sanctioning her for an unexplained tardy appearance at a court-ordered settlement conference.

### A. The Summary Judgment Ruling

Whether the district court correctly implemented the Federal Rules of Civil Procedure regarding summary judgment is a question of law that this Court reviews de novo review. <u>Bellaire Gen. Hosp.</u>

3

V. Blue Cross Blue Shield of Mich., 97 F.3d 822, 826 (5th Cir. 1996).

Bally's motion for summary judgment, though included with Bally's February 11, 2001 motion for leave to file summary judgment, was not permitted to be filed until March 1, 2001. The court granted summary judgment soon afterward on March 7, 2001. Hogrobrooks believes the court's rapid ruling robbed her of time to respond and cites Judwin Properties, Inc. V. United States Fire Ins. Co., 973 F.2d 432 (5th Cir. 1992) for the proposition that a district court can enter summary judgment *sua sponte*, provided the Court gives ten days notice to the adverse party. Hogrobrooks does not explain why a case discussing rules for granting summary judgment *sua sponte* is relevant to this case, where the court below had before it a motion for summary judgment.[1] Nor does she explain why the plain language of the Federal Rule should not apply. "The judgment sought *shall be rendered forthwith* if the pleadings...show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added).

---

[1] Even were this a *sua sponte* case, Bally's has a persuasive argument that the goal by Judwin was satisfied in this case. Judwin is premised on the desire to allow parties adverse to a motion for summary judgment the opportunity to make their case to the court before a ruling on the motion. Hogrobrooks informed the court of her intention to not respond to Bally's summary judgment motion before the court even granted leave to Bally's to file for summary judgment.

B. Sanctions

The imposition of sanctions by the district court is reviewed for abuse of discretion. Where the basis for sanctions is tardiness, the Court looks to counsel's justification for tardiness. In re Greene, 213 F.3d 223, 225 (5th Cir. 2000) ("When an attorney fails to appear or makes a delayed appearance, however, the conduct which is subject to sanction is not the absence itself but the failure to provide sufficient justification for the absence or delay.")

On January 28, 2002, Hogrobrooks appeared forty-five minutes late to a court-ordered settlement conference. Bally's requested sanctions against the Plaintiff for her tardiness on this occasion, and noted plaintiff's previous truancy from her own duly noticed deposition. In her February 17, 2002 letter to the court, Hogrobrooks declined to respond to the motion for sanctions. The magistrate judge granted the motion. Only after sanctions were imposed did Hogrobrooks file an objection to the order and explain that her tardiness was based upon a miscalculation of travel times. The magistrate judge deemed this submission as a "motion to reconsider" and denied it.

By not objecting to the motion for sanctions, Hogrobrooks waived her claim on appeal that the magistrate judge abused his discretion when he initially ordered sanctions. On the related question of whether the magistrate judge abused his discretion when

denying the motion to reconsider, Hogrobrooks has failed to provide any support for her position.  Instead, she cited cases discussing either Rule 11 sanctions or the inherent power of the court to sanction in the absence of statutory authority.  This Court declines to rule the magistrate judge abused his discretion in denying Hogrobrooks' motion in the absence of relevant and persuasive precedent to the contrary.

### III.  Conclusion

For the reasons stated, this Court affirms the district court's judgment.

AFFIRMED.