# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

No. 09-60889
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff,

v.

VINSON ERIC WOODBERRY,

Defendant,

LATRICE WESTBROOKS,

Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CR-25-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Attorney Latrice Westbrooks, *pro se*, appeals the district court's order finding her in civil contempt of court and recommending that the Mississippi State Bar investigate her for possible disciplinary action. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60889

## FACTS AND PROCEEDINGS

This action stems from Westbrooks' representation of a criminal defendant in a drug conspiracy case. Westbrooks was retained by Vinson Woodberry to defend him in proceedings relating to his indictments on various federal and state charges for the distribution of crack cocaine. Woodberry was originally scheduled to face trial on the federal charges on June 3, 2008. After Westbrooks requested, and was granted, four continuances of the trial date, Woodberry requested a change of plea hearing and pled guilty to one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court set sentencing for May 19, 2009. Westbrooks moved to continue the sentencing, and the district court reset sentencing for June 16, 2009. On Friday, June 12, 2009, at 6:21 p.m., Westbrooks filed a motion to continue the June 16 sentencing. On Monday, June 15, the district court contacted Westbrooks and informed her that the sentencing would not be continued. Westbrooks informed the district court that she would not appear in court, and she did not appear.

Due to Westbrooks' absence, the district court issued an order resetting Woodberry's sentencing to July 2, 2009. Also in that order, it noted that Westbrooks "has not responded to the Presentence Investigation Report and has failed to meet with the Probation Officer at a time previously scheduled." The court appointed the Federal Public Defender ("FPD") to review Woodberry's case file and report to the court. The order also stated that Westbrooks "should be prepared to explain to the Court why she should not be held in contempt for failing to appear." The FPD contacted Westbrooks and offered his assistance. Westbrooks accepted the FPD's offer and informed him that she had not lodged any objections to the presentence report, that "she had other people that were needing trials and that Mr. Woodberry was going to be facing a long sentence anyway," and that she would not be attending the rescheduled July 2 sentencing due to a murder trial. The FPD then assumed representation of Woodberry and

2

No. 09-60889

filed objections to the presentence report.[1] Westbrooks did not notify the district court she would not appear on July 2. On July 2, represented by an assistant federal public defender, Woodberry was sentenced to 57 months' imprisonment.

The district court later gave Westbrooks notice of a contempt hearing and issued a written order outlining specific issues that would be addressed. Several weeks later, the district court held a contempt hearing to determine whether Westbrooks should be held in civil or criminal contempt for her failure to appear at the two sentencing hearings. Westbrooks appeared and was represented by counsel at the hearing. After receiving testimony from Woodberry, Woodberry's parents, Federal Public Defender Dennis Joiner, and Westbrooks, the district court found Westbrooks in civil contempt of court. The court ordered Westbrooks to pay $2,972.20 to the public defender's office as a compensatory civil contempt sanction as reimbursement for expenses it incurred representing Woodberry.[2] It also "recommend[ed] that this matter be sent to the Mississippi State Bar for further investigation, and possible disciplinary action, as to the adequacy of the legal representation provided to Woodberry and the credibility of the billable hours printout showing the hours Westbrooks spent on this case." *United States v. Woodberry*, 672 F. Supp. 2d 761, 770 (S.D. Miss. 2009). Westbrooks timely appealed.

## STANDARD OF REVIEW

"We review contempt orders and sanctions imposed thereunder for an abuse of discretion. We review the district court's underlying findings of fact for

---

[1] The presentence report recommended a sentence of 97 months based on a guideline sentencing range of 97 to 121 months. After the FPD lodged objections, Woodberry received both acceptance of responsibility and safety valve reductions, reducing his guideline sentencing range to 57 to 71 months.

[2] The amount was determined after the public defender's office, at the request of the district court, "calculated the costs of its services provided to Woodberry." *United States v. Woodberry*, 672 F. Supp. 2d 761, 768 (S.D. Miss. 2009).

3

clear error and its underlying conclusions of law de novo." *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009) (quotations omitted).

The district court's recommendation of referral to the Mississippi State Bar for potential disciplinary action is not, standing alone, appealable. This court, however, has taken an expansive view of appealability, allowing appeals where there has been a finding of judicial misconduct, even absent an official reprimand. *See*, *e.g.*, *Walker v. City of Mesquite*, 129 F.3d 831, 832 (5th Cir. 1997) (allowing attorney to appeal where he was admonished by trial judge because the court was "persuaded beyond peradventure that one's professional reputation is a lawyer's most important and valuable asset."); *see also In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 n.1 (5th Cir. 2009) ("[A]n attorney's right to defend his or her professional reputation confers Article III jurisdiction for purposes of appeal."). Because the district court's recommendation that the state bar investigate Westbrooks for possible disciplinary action also contains factual findings related to whether she provided adequate legal representation to Woodberry that negatively impact her professional reputation, we hold the recommendation appealable. "[W]e review the district court's factual findings of attorney misconduct only for clear error." *Ibarra v. Baker*, 338 F. App'x 457, 460 (5th Cir. 2009). "Giving due regard to the opportunity of the district court to judge the credibility of the witnesses, we will deem the district court's factual findings clearly erroneous only if, based on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

## DISCUSSION

I.     Civil Contempt

Civil contempt requires "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent,

No. 09-60889

and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004) (quotations omitted). "Our circuit . . . has consistently held that good faith is not a defense to a finding of civil contempt." *Id.* at 735 n.25. "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947). "[S]anctions for civil contempt are meant to be 'wholly remedial' and serve to benefit the party who has suffered injury or loss at the hands of the contemnor." *Petroleos Mexicanos v. Crawford Enter., Inc.*, 826 F.2d 392, 399 (5th Cir. 1987). Although these sanctions normally "serve[] only the purpose of a party litigant," *S. Ry. Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1968), we have allowed recovery by nonparty victims of contumacious conduct where the relief can "be characterized as merely an incidental part of the main cause," *City of Jackson,* 359 F.3d at 736 (emphasis omitted).

We have little difficulty concluding that the district court did not abuse its discretion in finding Westbrooks in civil contempt of court. There was (1) an order in effect, (2) requiring Westbrooks to appear at the sentencing, and (3) Westbrooks did not comply with that order; the elements of civil contempt are satisfied. *See id.* at 731 (establishing elements). Westbrooks argues, as she did before the district court, that a finding of civil contempt is inappropriate because she did not act in bad faith and that her absences should be excused due to conflicts with proceedings in another jurisdiction. We disagree.

As to her first argument, "good faith is not a defense to a finding of civil contempt." *Id.* at 735 n.25. And although Westbrooks repeatedly argues that her conflicting state court schedule justifies her absences, this argument misses the point. "When an attorney fails to appear or makes a delayed appearance . . . the

conduct which is subject to sanction is not the absence itself but the failure to provide sufficient justification for the absence or delay." *In re Greene,* 213 F.3d 223, 225 (5th Cir. 2000) (quotations omitted) (holding that neither sanctions nor criminal contempt are appropriate for an attorney who was twelve minutes late to a hearing due to a recording error by the attorney's secretary). Westbrooks never notified the court, opposing counsel, *or her client*, that she would not appear at the second sentencing hearing. Irrespective of whether or not her justification for the absences are sufficient, her failure to timely provide the court with such information is simply inexcusable.[3] Westbrooks' eleventh-hour motion to excuse her presence at the first sentencing hearing was denied, and she failed to formally notify the court of her intention to skip the second sentencing hearing.

This is not a case of attorney negligence or a single isolated incident. *Cf. In re Adams*, 505 F.2d 949, 950 (5th Cir. 1974) (vacating conviction for criminal contempt but allowing "further disciplinary proceedings related to this matter" where attorney negligently missed a court appearance). Unlike the attorney in *Greene*, Westbrooks made a conscious decision to disregard two orders of the district court. "Contempt results only from the lack of a good reason for the lawyer's absence. No contempt has been committed if the absence is excusable because it was occasioned by good cause." *United States v. Onu*, 730 F.2d 253, 256 (5th Cir. 1984). In *Onu*, an attorney who was also a member of the Texas state senate represented a criminal defendant. *Id*. at 254. The attorney agreed to a pretrial conference date and then sought a last-minute continuance of the conference because of a previously scheduled legislative session, which was

---

[3] The record suggests that on the date of the second sentencing hearing, a state court judge called the district court at Westbrooks' request to explain Westbrooks' absence, and further suggests that Westbrooks was confused as to the date of the sentencing. Neither excuses Westbrooks' failure to timely communicate with the district court.

No. 09-60889

denied. *Id.* at 254–55. The attorney did not appear at the conference and the district court held him in contempt. "The prosecuting attorneys were present and were ready to proceed. A jury venire of thirty-five persons had been called." *Id.* at 255. This court affirmed, holding that "the problem was created not by [the attorney-senator's] attention to his state legislative duties but his carelessness concerning his responsibilities as a member of the bar of the federal court." *Id.* at 258.

Westbrooks' failure to attend the sentencing hearings resulted in the waste of the prosecutor's and the district court's time. As evinced by the last-minute nature of her motion to continue the first sentencing hearing and her failure to formally request that the district court continue the second sentencing hearing, the problem was created not by Westbrooks' attention to her state court duties, but by her carelessness concerning her responsibilities as a member of the federal court bar. Accordingly, we AFFIRM the district court's holding of Westbrooks in civil contempt.[4]

---

[4] Westbrooks also argues that her actions did not force the district court to appoint the FPD and did not cause the FPD to incur $2,972.20 in expenses to represent Woodberry. Westbrooks reasons that "the objections [to Woodberry's presentence report] could have been raised by Westbrooks during the sentencing." This argument lacks any merit. After reviewing Woodberry's file, the FPD discovered that Woodberry chose not to discuss his crime with the probation officer who conducted his presentence interview because his attorney, Westbrooks, who did not show up for the presentence interview, was not present. The United States Probation Officer's recommendation for sentencing in Woodberry's case went so far as to note that "this officer feels sorry for this defendant due to his choice of legal representation. Had his attorney appeared for the presentence interview, which could have facilitated the defendant accepting responsibility . . . [Woodberry could have received acceptance of responsibility and safety valve reductions]." The FPD quickly made arrangements for Woodberry to meet with federal officials to facilitate acceptance of responsibility and safety valve reductions. The gravity of the near-failure to lodge objections in this case cannot be understated: Woodberry's guideline sentence range was reduced from 97 to 121 months to 57 to 71 months. To be sustained, the acceptance of responsibility and safety valve objections required Woodberry to take action prior to the sentencing hearing; contrary to Westbrooks' assertions, they could not "have been [successfully] raised by Westbrooks at sentencing."

No. 09-60889

II.   Recommendation that the State Bar of Mississippi Investigate Westbrooks for Potential Disciplinary Proceedings

In addition to holding Westbrooks in civil contempt of court, the district court also found "evidence that Westbrooks failed to provide Woodberry with adequate legal representation" and it "recommend[ed] that this matter be sent to the Mississippi State Bar for further investigation, and possible disciplinary action." *Woodberry*, 672 F. Supp. 2d at 769–70. The district court reached its conclusion by reviewing Westbrooks' billing records and comparing those records to testimony received at the hearing. *Id.* at 770. It found that "Westbrooks' billable hours are suspect because 36.9 hours [the total time Westbrooks spent on Woodberry's case according to her records] multiplied by $ 250.68 [her approximate billing rate] conveniently totals the exact amount paid to Westbrooks ($ 9,250.00) by Mr. and Mrs. Woodberry." *Id.* The district court also highlighted the fact that Westbrooks billed for time spent at the first sentencing hearing—the same hearing she did not attend. *Id.* Finally, it noted Westbrooks' failure to attend the interview with the probation officer and her failure to appear at Woodberry's sentencing, finding that "Westbrooks effectively abandoned [Woodberry] after the plea hearing and provided no further services." *Id.*

Upon this evidence, the district court did not clearly err in finding attorney misconduct. Far from being "left with a definite and firm conviction that a mistake has been committed," *Trujillo*, 502 F.3d at 356, we echo the district court's recommendation that the Mississippi State Bar investigate this matter for possible disciplinary action. We AFFIRM the district court's recommendation.

## CONCLUSION

The order of the district court is AFFIRMED in its entirety.