# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31245

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2019

Lyle W. Cayce
Clerk

IN RE: JONATHAN B. ANDRY,

     Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Jonathan Andry ("Andry") appeals the decision of the en banc Eastern District of Louisiana ("Eastern District"), here represented by the Lawyer Disciplinary Committee for the Eastern District of Louisiana ("the Committee"), suspending his authority to appear before the Eastern District for one year.[1] We VACATE and REMAND for further proceedings.

This case arises from alleged improprieties in the *Deepwater Horizon* multi-district litigation "Court Supervised Settlement Program" ("CSSP"). Specifically, attorney Lionel Sutton represented clients with CSSP claims and transferred those clients to other firms prior to becoming a CSSP staff attorney. One of the firms Sutton referred clients to was AndryLerner, of which appellant Jonathan Andry was an equity shareholder.

---

[1] The one year has not yet started because we previously suspended the Eastern District's order pending this appeal.

No. 18-31245

It was alleged that while Sutton was employed by the CSSP, Andry funneled numerous referral payments to Sutton for a CSSP client. The district court appointed Louis Freeh as a special master to investigate "the facts and circumstances that led to the resignation of Sutton [from the CSSP] and conduct fact-finding as to any other possible ethical violations or misconduct by the CSSP." (internal alterations and quotation marks omitted). The special master's report recommended that Andry be prevented from representing claimants in the CSSP, and the district court ordered him to show cause as to why it should not adopt the special master's recommendation. Following an evidentiary hearing and an opportunity to respond in writing, the same district judge who issued the order and oversaw the MDL and CSSP issues determined that Andry violated the Louisiana Rules of Professional Conduct and disqualified him from participating in the CSSP or collecting fees. But the district court noted that Andry's misconduct "did not cause or result in any corruption of the claim evaluation process" and that "no claim represented by Jon Andry . . . was expedited in a significant way." Andry appealed the financial sanctions, which this court affirmed. *See In re Deepwater Horizon*, 824 F.3d 571, 587 (5th Cir. 2016) (per curiam).[2]

At the district court's direction, the special master referred the matter to the Chief Judge of the Eastern District and to the Committee. Andry was notified of the complaint and responded in writing. The Committee referred its confidential report to the Eastern District. On October 24, 2018, the en banc court filed an order finding Andry violated the Louisiana Rules of Professional Conduct and suspending him from practicing law in the Eastern District of Louisiana for one year. The Eastern District concluded that Andry's

---

[2] This affirmance explicitly relied upon the narrow tailoring of the sanctions in the *Deepwater Horizon* proceeding and thus does not answer the specific questions presented in this appeal. *Id.* at 586.

No. 18-31245

prior hearing before the MDL judge constituted an evidentiary hearing. Andry timely responded, objecting that the Eastern District was imposing summary discipline under its rules[3] and requesting a hearing under them. The Eastern District overruled Andry's objection and denied his request for a hearing, stating that "another hearing is neither necessary nor warranted." Andry timely appealed.

Andry raises two issues, one based upon the EDLA Rules and one based upon constitutional due process. Because we conclude that the first issue resolves this appeal[4], we need not reach the second.

We review sanctions imposed against an attorney by a district court for abuse of discretion. *In re Mole*, 822 F.3d 798, 801 (5th Cir. 2016) (per curiam). Although we must defer to reasonable interpretations by the district court of its rules, *see id.* at 802, if we are "convinced that the district court has misconstrued its own rules," it has abused its discretion. *Id.* The district court must "observe scrupulously its own rules of disciplinary procedure." *In re Thalheim*, 853 F.2d 383, 390 (5th Cir. 1988) (per curiam) (internal citations omitted).

The Eastern District undoubtedly thought that it did observe its own rules. Having carefully reviewed the record in light of the EDLA Rules, however, we conclude that it failed to apply the rules properly to this case.

---

[3] The rules in question are entitled "Eastern District of Louisiana Rules for Lawyer Disciplinary Enforcement" (hereinafter "EDLA Rules"). Although there have been various amendments to the EDLA Rules over the past few years, none affect the outcome here. We use the version of the EDLA Rules proffered jointly by the parties (listed as "Amended November 16, 2016") and grant their motion to supplement the record with that version of these rules.

[4] Jurisdiction is not in question here. Federal courts may hold attorneys accountable to state codes of professional conduct and have inherent power to discipline attorneys. *See Resolution Tr. Corp. v. Bright*, 6 F.3d 336, 341 (5th Cir. 1993) (citing *In re Snyder*, 472 U.S. 634, 645 n.6 (1985)). We have jurisdiction over the appeal under 28 U.S.C. § 1291.

No. 18-31245

The key question here is whether Andry is entitled to a hearing under the EDLA Rules or whether the prior sanctions hearing before the MDL judge suffices. We examine the text of the relevant EDLA Rules to make this determination.

Rule 5 of the EDLA Rules explains the role of the Committee and provides that it should review a complaint and make a recommendation to the Eastern District. That same rule specifically defines the term "summary discipline" as "discipline without a hearing." EDLA Rule 5.2.1(b).

Once the Eastern District receives the Committee's recommendation, the rules state:

> Evaluation by *En Banc* Court. After consideration of the materials set forth above, the *en banc* court must:
> 6.3.1. Dismiss the complaint,
> 6.3.2. Impose summary discipline,
> 6.3.3. Docket the matter for hearing, or
> 6.3.4. Take such *other* action as the court deems appropriate.

EDLA Rule 6.3 (emphasis added). When summary discipline is imposed, the affected attorney has the right to request a hearing in which case "the matter *must* be docketed for a hearing." EDLA Rule 6.5.2 (emphasis added). Such a hearing must be before a judge other than the one who filed the complaint if the complaint was "based upon conduct occurring in a matter to which the judge is assigned." EDLA Rule 7.2.

The parties do not dispute that the Committee submitted a confidential report, the en banc court imposed discipline without a Rule 7 hearing, and Andry objected and requested a hearing, but was overruled. Instead, the Committee argues that the en banc court imposed discipline under Rule 6.3.4, which states the en banc court may "[t]ake such other action as the court deems appropriate." Under this rationale, the Committee asserts Andry's discipline was not "summarily imposed" under Rule 6.3.2 because he was already

4

provided an evidentiary hearing on potential financial sanctions before the district court in 2014.

When two provisions of the same rule operate *in pari materia*, they should be construed together. *United States v. Moss*, 872 F.3d 304, 310 (5th Cir. 2017). Rules 5.2 and 6.3 give the same four choices for the Committee to recommend and the en banc court to adopt: dismiss the complaint, impose summary discipline, set the matter for hearing, or take other appropriate action. All four provisions must be given effect, "in order not to render portions of [the Rules] inconsistent or devoid of meaning." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006) (en banc) (citation omitted). Moreover, specific provisions such as Rules 6.3.1, 6.3.2, and 6.3.3 should govern more general provisions like Rule 6.3.4. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). We conclude that the term "other" cannot be construed so broadly as to negate the entirety of the EDLA Rules, specifically Rules 6 and 7. Under the Committee's reading of the rules, Rules 6.3.1–6.3.3 are meaningless, as the Eastern District is empowered to do whatever it wants.[5]

The Committee asserts that we cannot construe the Eastern District's discipline as "summary discipline" because of the prior sanctions hearing. But that hearing cannot qualify as a hearing under the EDLA Rules because it was held in front of the same *Deepwater Horizon* MDL judge who ordered the complaint at issue filed. The complaint in this case is clearly "based upon conduct occurring in a matter to which the [MDL] judge is assigned." Thus,

---

[5] The Committee also argues that the en banc court was within its right to suspend Andry under Rules 3, 3.1, and 8, which articulate that a lawyer may be disciplined if she or he has committed misconduct, and that available sanctions include suspension. But Andry does not contest these points; his argument addresses what process must occur under the Rules *prior* to any discipline. Thus, the Committee's arguments are inapposite as to Rules 3 and 8.

even if we ignored the timing and different purpose of the prior sanctions hearing, it cannot qualify as a Rule 7 hearing given the identity of the presiding judge.

In short, the plain text of Rule 6.4 favors Andry's argument for another hearing. Rule 6.4 states, in relevant part, "[t]he order proposing summary discipline must require the respondent to show cause within 14 days after service why the proposed summary disciplinary sanction should not be imposed." Here, the proposed discipline of the district court and special master, restricting participation in the CSSP, is not the same discipline as a suspension imposed by the en banc district court. This distinction favors Andry's request for a hearing because he could not respond to a show cause order for a proposed sanction of which he was unaware.

Thus, we conclude that the EDLA Rules require that Andry receive a Rule 7 hearing before discipline is imposed by the Eastern District. In accordance with those rules, that hearing cannot be held before the *Deepwater Horizon* MDL judge. Because we decide this case on the rules in question, we need not address whether a post-complaint hearing is required under constitutional due process principles.

VACATED and REMANDED.