# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2023

Lyle W. Cayce
Clerk

No. 22-11092

In re David Finn,

*Plaintiff—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-MC-22

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:

After several instances of inappropriate behavior and twice failing to show up for a client's sentencing hearing, mostly due to a problem with substance abuse, attorney David Finn was referred by a presiding judge to a three-judge disciplinary panel of the U.S. District Court for the Northern District of Texas. Following an investigation and hearing, the panel sanctioned Finn by suspending him from practicing before that court for 12 months, with the option to reapply upon proof of sobriety during the period of suspension. Finn appeals, arguing that a *three*-judge panel could not sanction him because the rules say only that "[a] presiding judge" may take disciplinary action. He also says the 12-month suspension is excessive.

We AFFIRM.

No. 22-11092

I

In late March 2022, then-Chief Judge Barbara Lynn issued an order convening a three-judge panel to review the conduct of attorney David Finn, a member of the bar of the Northern District of Texas. Meanwhile, as "emergency relief," she also suspended Finn from practicing before the court.[1]

What prompted Judge Lynn's order was that Finn had twice failed to appear for a sentencing of his client without notifying the court or client, and he was unreachable both before and after the second missed hearing. Finn quickly explained that he had a problem with substance abuse and that he had checked himself into a rehab/detox center the day of the hearing.

In April 2022, a three-judge panel appointed Michael Heiskell to investigate Finn's conduct. On June 14, 2022, Heiskell submitted a 74-page report, concluding that Finn had engaged in misconduct based on his failure to appear at sentencing, as well as his disrespectful statements and conduct toward several judges and court staff:

- Finn interrupted and was rude toward Magistrate Judge Rene Tolliver, including telling her to "watch yourself."

- Finn was disruptive in a plea hearing before Magistrate Judge Irma Ramirez, and it was obvious that his client had not seen the indictment before the plea.

- Finn was "clearly intoxicated" in an appearance before Judge Ada Brown, and he made an inappropriate race-based joke, used a swear

---

[1] On May 11, 2022, Judge Lynn relaxed her prior order to allow Finn to practice before the court—but only with another attorney, Robert Webster, as co-lead counsel.

2

No. 22-11092

word, and said she was "not qualified" to preside over the matter at hand.

- Finn missed the sentencing hearings with Judge Lynn.

- Finn was not dressed professionally in an appearance with Judge Karen Scholer and put on a jacket and tie only after some "pushback."

- Finn massaged a female court security officer's shoulders and grabbed her knee, and when she told him not to, he tried again anyway. He also offensively touched another CSO and pretended to "swat the backside" of a female probation officer.

- Finn was intoxicated and got belligerent with a CSO, resisted his instructions, and said to him, "I'm Irish, a boxer, and do I look afraid of you."

Heiskell noted that a prior, informal three-judge panel had already confronted Finn about his behavior on June 25, 2020. Based on these events, Heiskell concluded that Finn could not conduct litigation properly.

On July 19, 2022, based on the Heiskell Report, the three-judge panel issued a show-cause order, directing Finn to show cause why he should not be disciplined for violation of Local Criminal Rule 57.8(b). On August 9, 2022, the panel held an evidentiary hearing on the matter.

On October 25, 2022, the panel adopted the factual findings in the Heiskell Report and found by clear and convincing evidence that Finn violated Rule 57.8(b) because he committed misconduct unbecoming of the Bar, failed to comply with court orders, engaged in unethical behavior, and was unable to conduct litigation properly. As its sanction, the panel "indefinitely suspended" Finn from the practice of law in the Northern District of Texas, though it permitted him to reapply to resume his practice "after one year of suspension" so long as he submitted "evidence of

No. 22-11092

continued sobriety during the period of suspension as well as an assessment by a duly licensed psychiatrist or psychologist reflecting that Mr. Finn is fit to practice law." Time spent appealing the order would not count toward Finn's one-year suspension.[2]

Finn appealed.

## II

District courts have authority to discipline attorneys pursuant to their local rules. *In re Goode*, 821 F.3d 553, 557 (5th Cir. 2016) (citing 28 U.S.C. § 2071(a)). We have appellate jurisdiction to review such disciplinary orders under 28 U.S.C. § 1291. *In re Andry*, 921 F.3d 211, 213 n.4 (5th Cir. 2019).

"Sanctions imposed against an attorney by a district court are reviewed for abuse of discretion." *United States v. Brown*, 72 F.3d 25, 28 (5th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). "That discretion is abused if the ruling is based on an 'erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)).

## III

Finn does not contest that his conduct was sanctionable, but he makes two arguments on appeal. First, he says it was unlawful for a *three*-judge panel to discipline him, because the local rules do not provide for a disciplinary panel (they authorize any presiding judge to discipline members of the bar). Second, he argues that the 1-year suspension for violating Rule 57.8(b) is excessive. Neither of these arguments is convincing.

---

[2] Pending this appeal, the panel left intact Judge Lynn's amended emergency order, allowing Finn to practice so long as Webster serves as co-lead counsel.

No. 22-11092

A

Finn's first challenge implicates due process. "It is well-settled that federal district courts are bound by their own disciplinary rules when proceeding against attorneys for violation of ethical standards." *Matter of Thalheim*, 853 F.2d 383, 386 (5th Cir. 1988). "When a court undertakes to sanction an attorney for violating court rules, it is incumbent upon the sanctioning court to observe scrupulously its own rules of disciplinary procedure." *Id.* at 390. "Because attorney suspension is a quasi-criminal punishment in character, any disciplinary rules used to impose this sanction on attorneys must be strictly construed resolving ambiguities in favor of the person charged." *Brown*, 72 F.3d at 29. Strict construction applies even to procedural rules. *Thalheim*, 853 F.2d at 388. Again, this is a matter of due process. *Id.*

Here, the Northern District's local rules neither permit nor prohibit the use of a three-judge disciplinary panel in cases such as Finn's:

> b. **Grounds for Disciplinary Action.** A presiding judge, after giving opportunity to show cause to the contrary, may take any appropriate disciplinary action against a member of the bar for:
>     1. conduct unbecoming a member of the bar;
>     2. failure to comply with any rule or order of this court;
>     3. unethical behavior;
>     4. inability to conduct litigation properly;
>     5. conviction by any court of a felony or crime involving dishonesty or false statement; or
>     6. having been publicly or privately disciplined by any court, bar, court agency or committee.

N.D. Tex. Local Crim. R. 57.8(b). On its face, the rule says only that "[a] presiding judge" may impose disciplinary action. *Id.* And where the court intends to utilize a three-judge panel for disciplinary matters, it has said

so explicitly. *See*, *e.g.*, N.D. Tex. Local Crim. R. 57.8(h)(3) (reciprocal disciplinary matters).

Finn argues that only individual "presiding judge[s]" can suspend him from practice before the court. In his view, each district-court judge must make his or her own determination as to whether he may practice before that particular judge. In support, he relies on the plain text of Rule 57.8(b) and the rule of strict construction.

Whatever merit Finn's argument may have in the abstract,[3] we have no valid basis for vacating the panel's disciplinary order here because Finn has suffered no prejudice as a result of having three judges hear his case instead of just one. "[P]roof of prejudice is generally a necessary . . . element of a due process claim." *United States v. Lovasco*, 431 U.S. 783, 790 (1977). On more than one occasion, our sister circuits have held that disciplined attorneys' inability to show prejudice is fatal to their appeals. *See*, *e.g.*, *In re Demetriades*, 58 F.4th 37, 49 (2d Cir. 2023); *In re Klayman*, 991 F.3d 1289, 1295 (D.C. Cir. 2021); *In re Harper*, 725 F.3d 1253, 1258 (10th Cir. 2013); *cf. Thalheim*, 853 F.2d at 394 (Smith, J., dissenting) (suggesting that an attorney's inability to claim prejudice or detrimental reliance on a disciplinary rule should bar his due-process claim).

Here, any single judge could have suspended Finn from practicing in the Northern District. *See* N.D. Tex. Local Crim. R. 57.8(b) ("any

---

[3] This opinion should not be understood to reflect a preference for three-judge panels over prompt intercession by individual district judges, as through notice of civil contempt hearings, when attorney disciplinary proceedings are called for. Many professional misconduct circumstances are dealt with best when they are dealt with promptly either with a referral to the Bar or in the focused context of a failure to comply with a court order, according to settled civil contempt caselaw. *See*, *e.g.*, *United States v. Woodberry*, 405 F. App'x 840 (5th Cir. 2010) (civil contempt affirmed as to attorney's failure to appear for client's sentencing).

No. 22-11092

appropriate disciplinary action"). Finn suffered no prejudice from having *three* such judges presiding over his disciplinary matter and unanimously agreeing to sanction him—at the request of a fourth judge (Judge Lynn), no less. Indeed, he was given *more* protections than those afforded under the Local Criminal Rules. His due-process challenge therefore must fail.

B

Finn's second argument is that the 12-month suspension is too harsh. "Sanctions must be chosen to employ the least possible power to the end proposed. In other words, the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior." *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (internal quotation marks and citations omitted). Finn suggests that a less restrictive but still effective sanction would be to appoint a monitor (at Finn's expense) to keep tabs on his sobriety while allowing him to continue his practice before the court.

But the district court did not abuse its discretion. The court *did* try a less severe option. An informal panel of judges privately reprimanded him in June 2020. That lesser sanction did not work. The court was thus justified in imposing a harsher sanction like the suspension. *See id.* (holding that a bankruptcy court did not abuse its discretion in imposing a $25,000 sanction when counsel ignored the court's prior oral and written warnings not to engage in personal attacks). Moreover, the sanction here is appropriately tailored to Finn's unique situation: his inability to practice law stemmed from his alcohol abuse, so the court ordered him not to practice until he is able to demonstrate sustained sobriety for one year.

Finn protests that 12 months is too long. He argues that his case is not as bad as that in *Adams*, where an attorney was suspended only 6 months even though she lied, disobeyed orders, and did not acknowledge her wrongdoing.

*In re Adams*, No. 3:20-MC-008-M, 2020 WL 4922330, at *20 (N.D. Tex. Aug. 20, 2020). Unlike *Adams*, Finn says, here he just has a problem with alcohol abuse and is otherwise a great attorney (when sober, of course). We remain unconvinced. *Adams* was not a substance-abuse case and is therefore a weak comparison at best. More importantly, the district court here considered that a lesser, non-suspension sanction had not deterred Finn from reverting to his old ways. The panel also considered that Finn's conduct had persisted for some time and that he was not remorseful for his conduct. Under these circumstances, we discern no abuse of discretion.

AFFIRMED. It is ORDERED that this case be unsealed. The Clerk's Office is directed to unseal the case.