# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2025

Lyle W. Cayce
Clerk

No. 25-10424
Summary Calendar

———————————

ELLYSE WISSEL, *individually and on behalf of all others similarly situated*; MICHELLE ANDERSON, *individually and on behalf of all others similarly situated*; MCLAIN MOTT, *individually and on behalf of all others similarly situated*,

*Plaintiffs*,

TYLER K. SOMES,

*Appellant*,

*versus*

RURAL MEDIA GROUP, INCORPORATED,

*Defendant*.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-999

———————————

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10424

Tyler K. Somes, an attorney, was sanctioned for opposing a defendant's second request for an extension of time to answer, or otherwise respond to, his clients' class-action complaint. Somes argued the delay would jeopardize his clients' right to litigate in their chosen forum. Disagreeing with that justification, the district court found that Somes opposed the delay solely in pursuit of furthering his own interests. Finding the district court's assessment erroneous, we VACATE its sanctions order.

I.

Somes is an attorney based in Washington, D.C. He has been a member of the United States District Court for the Northern District of Texas's bar since 2020.

On September 27, 2024, Plaintiffs Ellyse Wissel, Michelle Anderson, and McLain Mott, with Somes as counsel, initiated a class action in the Northern District, seeking relief in a one-count Video Privacy Protection Act[1] claim against Defendant Rural Media Group, Inc. (RMG).[2] Their action was filed in the district's Fort Worth Division—a venue they alleged was proper based on a forum-selection clause in a Terms of Service agreement to which the parties were bound.[3] A competing class action, in which neither Plaintiffs nor Somes was involved, was filed just two days

---

[1] 18 U.S.C. § 2710.

[2] *See Wissel v. Rural Media Grp., Inc.*, No. 4:24-cv-00925 (N.D. Tex. Oct. 17, 2024) (related case). Plaintiffs alleged they purchased subscriptions to a website posting prerecorded Western-themed video content. They complain that RMG unlawfully transmitted their video-browsing data to social-media and search-engine companies.

[3] The forum-selection clause provides that the contracting parties agree "to the exclusive jurisdiction of the state and federal courts sitting in the County of Tarrant in the State of Texas, and waive[] any jurisdictional, venue or inconvenient forum objections to such courts." Tarrant County falls in the Northern District's Forth Worth Division.

2

earlier in the United States District Court for the Central District of California.[4]

Soon after the district court received Plaintiffs' complaint, it issued an Electronic Case Filing (ECF) notice calling for compliance with Local Rule 83.10(a) within two weeks, or risk dismissal. Local Rule 83.10(a) requires the appearance of "local counsel" in all cases where an attorney, like Somes, "does not reside or maintain [his] principal office in [its] district."[5] Plaintiffs did not retain local counsel, so, with its earlier ECF directive unaddressed, the district court dismissed the action without prejudice under Federal Rule of Civil Procedure 41(b). Final judgment entered on October 17, 2024.

Plaintiffs filed an identical suit the next day—this time, represented by Somes *and* local counsel. Several days later, on October 24, RMG filed an unopposed motion for an 8-day extension to answer, or otherwise respond to, Plaintiffs' complaint. The district court granted the motion, ordering a response by November 20.

When its pleading came due, RMG sought an additional 30-day extension. RMG's counsel first conferred with Somes about the extension request. In response, Somes questioned whether RMG was engaged in class-wide settlement negotiations in the competing California action. After RMG's counsel confirmed that it was, Somes declined to agree to the second requested extension. So, RMG filed its opposed motion for an extension on November 20, stating the "complexities" caused by the "overlap[]" in this

---

[4] *See Saarloos v. The Cowboy Channel, LLC*, No. 5:24-cv-2058 (C.D. Cal. Mar. 31, 2025). RMG's wholly owned subsidiary, The Cowboy Channel, LLC, was the named defendant in that action.

[5] N.D. Tex. Civ. R. 83.10(a). "Local counsel" means a Northern District-barred attorney whose residence or principal office is both "in the district" and "within 50 miles of the courthouse in the division in which the case is pending." *Id.*

case and the one in California dictated a need for an extra 30 days. RMG's motion also acknowledged that "[it] wa[s] exploring the possibility of an early resolution on a class-wide basis in [the California action], which may moot this case." The district court granted the motion the same day it was filed, and before Plaintiffs could file their opposition.

In the same order, the court sua sponte directed Somes to show cause as to "why he should not be sanctioned" for opposing RMG's second extension request. The district court's order expanded on that directive in a footnote, which stated:

> As part of his admission to the Northern District of Texas, counsel agreed to read *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). Relevant here is the guiding principle that "[r]easonable extensions of time should be granted to opposing counsel where such extension will not have a material, adverse effect on the rights of the client." *Id.* at 294.[6]

The district court agreed with RMG's contention that the competing California case complicated the current action, and reasoned further: "[T]he Court can think of no material, adverse effect" on Plaintiffs in "refusing to agree" to the extension. It then set the show-cause hearing for November 26.

The hearing was called pursuant the district court's Local Rule 83.8(b), which, in relevant part, authorizes a presiding judge to discipline a member of the bar for failure to comply with any of the court's rules or orders.[7] The district judge began the hearing by noting he found Somes's

---

[6] In *Dondi*, the en banc court "addressed overly aggressive conduct of lawyers" appearing in civil actions before the Northern District. *Gipson v. Weatherford Coll.* No. 23-10397, 2023 WL 7314355, at *1 n.1 (5th Cir. Nov. 6, 2023) (citing *Dondi*, 121 F.R.D. at 284).

[7] N.D. Tex. Civ. R. 83.8(b).

opposition "pretty disturbing." The judge explained, "typically, I would just deny these and move forward." But Somes's noncompliance with the Northern District's local-counsel rule in Plaintiffs' earlier dismissed action prompted him to deviate from his usual course. The judge was concerned that Somes, an attorney "not from the Fort Worth Division," was unaware that the Northern District requires strict compliance with its local rules.

When invited to show cause, Somes opened with an apology for his earlier failure to comply with the local-counsel rule. Somes then defended his opposition by explaining that he sought to protect his clients' "contractual right to litigate in a forum they chose with [D]efendant." To achieve that measure, he stated that "the first thing that came to mind" was to move the district court to appoint interim class counsel. Somes believed that "courts don't entertain those motions" until a defendant has answered, or otherwise responded. Fearing "a settlement in the California case . . . would release the claims in this case," Somes thought "it was necessary to move things along."

The judge issued findings of fact at the hearing's conclusion. Addressing Somes, he stated:

> I am concerned . . . that the refusal to give the extension in this case was not for any reason, other than trying to avoid something happening in the California case that might have adversely affect[ed] your case, maybe not for your client, but for you. That's not a valid reason to oppose an extension. It doesn't qualify as a material adverse effect on the rights of your client. And that's really not in keeping with the letter or spirit of *Dondi* especially when you consider we're in the holiday season.

The judge found that, "based on this[] and the violations of the local rule that we had in [his] previous lawsuit," Somes was in "need [of] a refresher course in the rules governing the ethics and behavior when we litigate cases here in the Northern District." He then determined that Somes "either acted in bad

faith or in blind disregard of" the Northern District's local rules and "those rules of ethics and practice" enunciated in *Dondi*.

So, the judge fined Somes $150, an amount "representing the mileage and time" incurred by defense counsel "to come over here [from Dallas] the Tuesday before Thanksgiving." He also ordered Somes to read: (1) the *Dondi* case, (2) the Northern District's local rules, (3) the Texas Lawyer's Creed, (4) the Texas Rules of Professional Conduct, and (5) the Federal Rules of Civil Procedure. Somes was to submit an affidavit by December 3 certifying that he read those materials. The district court memorialized its decision in a written order entered the same day.

A month later, RMG moved to transfer the underlying action with the first-filed, competing California action "[t]o avoid duplicative litigation." Plaintiffs opposed the motion for the same reason stated by Somes in his show-cause hearing: the forum-selection clause gave Plaintiffs the vested right to litigate in Fort Worth. On February 27, 2025, the district court denied RMG's motion, agreeing with Plaintiffs that the forum-selection clause was valid and enforceable.

The parties reached a settlement shortly thereafter. So, the district court dismissed the case with prejudice and issued a final judgment on March 3. That judgment subsumed the November 26, 2024, sanctions order, from which Somes timely appealed.

## II.

We review the district court's imposition of sanctions for abuse of discretion.[8] "That discretion is abused if the ruling is based on an 'erroneous

---

[8] *In re Finn*, 78 F.4th 153, 156 (5th Cir. 2023).

view of the law or on a clearly erroneous assessment of the evidence.'"[9] A finding of fact is clearly erroneous when it finds no support in the record. After reviewing the record, we are "left with the definite and firm conviction that a mistake has been committed."[10]

The district court based its decision in part on a clearly erroneous factual finding. It stated that Somes had notice that he was required to read the Northern District's en banc *Dondi* decision. But, a review of the district court's local rules reveals that no reference to *Dondi* is contained therein. In the Northern District's application for pro hac vice status, attorneys are explicitly directed to certify that they have read the *Dondi* decision.[11] However, Somes did not appear pro hac vice but, rather, as a fully admitted member to the Northern District's bar. And that certification obligation is not present in its application requirements for bar admission. Consequently, the directive found in the Northern District's pro hac vice application would not have put Somes on notice of *Dondi*.[12] There is no basis in the record to conclude that Somes ever received such notice. Nor is *Dondi* referenced anywhere in the Northern District's local rules, or in this district judge's specific requirements of practice. So, the district court's finding that Somes

_____

[9] *Id.* (quoting *United States v. Brown*, 72 F.3d 25, 28 (5th Cir. 1995)).

[10] *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[11] *Application for Admission Pro Hac Vice*, United States District Court for the Northern District of Texas, https://www.txnd.uscourts.gov/sites/default/files/forms/ProHacApp.pdf (last visited June 27, 2025).

[12] *Cf.* Fed. R. Civ. P. 83(b) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.").

was previously told to read that decision, which was integral to its imposition of sanctions, was clearly erroneous.

Moreover, even if *Dondi*'s "spirit" is encompassed in the local rules, the district court's assessment that Somes opposed the extension "not for any reason" but for his own pecuniary interest is not supported by the record. Invoking *Dondi*'s language, the district court found that the second extension would not pose any "material, adverse effect" on Plaintiffs' rights. However, the delay would operate to prejudice Plaintiffs who sought to bring a class action in their contractually-selected forum. The district court vindicated Plaintiffs' right to their chosen forum when it denied RMG's motion to transfer the case to California. Hence, Somes's argument that the extension would threaten his clients' right to litigate in the Northern District's Fort Worth Division "is far from specious" and cannot support sanctions.[13]

The district court's November 26, 2024, sanctions order is VACATED and any part of the fine paid is to be refunded.

---

[13] *Chaves v. M/V Medina Star*, 47 F.3d 153, 157 (5th Cir. 1995).